# IN THE SUPREME COURT OF TEXAS

═══════════════

No. 11-0920

═══════════════

CTL/THOMPSON TEXAS, LLC, PETITIONER,

v.

STARWOOD HOMEOWNER'S ASSOCIATION, INC., RESPONDENT

═══════════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

═══════════════════════════════════════════════════════════

**PER CURIAM**

Section 150.002 of the Texas Civil Practice and Remedies Code requires that in actions for damages arising from the provision of professional services by a licensed or registered architect, engineer, or surveyor, the plaintiff must file an affidavit attesting to the claim's merit. Section 150.002(e) states: "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." The issue here is whether a defendant's appeal from a trial court's refusal to dismiss an action under Section 150.002(e) is mooted by the plaintiff's nonsuit. We hold it is not and consequently reverse the judgment of the court of appeals and remand the case to that court. ___ S.W.3d ___ (Tex. App.–Fort Worth 2011).

Respondent Starwood Homeowner's Association sued petitioner CTL/Thompson Texas for providing deficient geotechnical engineering services. Starwood attached to its petition an affidavit

that it believed complied with Section 150.002. CTL moved for dismissal with prejudice on the ground that the affidavit was deficient. The trial court denied CTL's motion, and CTL brought an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(f). But before the appeal could be decided, Starwood nonsuited its claims against CTL. The court of appeals held that the nonsuit mooted the appeal, depriving the court of jurisdiction. 352 S.W.3d 854, 856 (Tex. App.– Fort Worth 2011). CTL then brought a petition for review. Ordinarily, this Court has limited jurisdiction over interlocutory appeals. *See* TEX. GOV'T CODE § 22.225(b)(3). But we always have jurisdiction to determine whether the court of appeals had jurisdiction. *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300 (Tex. 2011); *Univ. of Tex. Sw. Med. Ctr. v. Margulis*, 11 S.W.3d 186, 187 (Tex. 2000) (per curiam).

A plaintiff has an absolute right to nonsuit a claim before resting its case-in-chief, but a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief," TEX. R. CIV. P. 162, such as a counterclaim, *Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam), or a cross-claim, *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966). A motion for sanctions is a claim for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of sanctions. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806-807 (Tex. 1993). For example, a sanction excluding witnesses for failure to supplement discovery does not survive nonsuit because its purpose is fully served by protecting the fairness of the trial of the action in which it is imposed. *Id.* But a sanction for filing a frivolous lawsuit does survive nonsuit, else its imposition would rest completely in the plaintiff's hands, defeating its

purpose. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596-597 (Tex. 1996) (per curiam).

In *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008), a health care liability claim, the defendant asserted that the plaintiff's expert reports did not satisfy statutory requirements and moved for a dismissal with prejudice and attorney fees. The trial court denied the motion, and when the plaintiff nonsuited anyway, dismissed the action without prejudice. *Id.* The court of appeals held that the nonsuit mooted the defendant's appeal and dismissed it for want of jurisdiction. *Id.* We reversed. Dismissal with prejudice and attorney fees, we stated, were sanctions mandated by statute, the purpose of which is to deter claimants from filing meritless suits. *Id.* at 470. "Removing a defendant's ability to appeal a denial of a motion for sanctions after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity." *Id.* Therefore, we concluded, the defendant's motion survived the nonsuit and its denial could be appealed. *Id.* at 471.

Section 150.002(e) dismissal is a sanction with the same purpose, to deter meritless claims and bring them quickly to an end. Nevertheless, Starwood argues that a motion to dismiss under Section 150.002(e) cannot survive a nonsuit because the nonsuit gives the movant all the relief the statute mandates — dismissal without prejudice. But Section 150.002(e) authorizes further relief — dismissal with prejudice — and while granting it is discretionary, the trial court cannot act "in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). CTL moved for dismissal with prejudice, and if denial of that relief was an abuse of discretion, Starwood's nonsuit did not moot CTL's appeal.

3

Starwood argues that to allow a motion for dismissal with prejudice to survive a nonsuit would be inconsistent with *Univ. of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon*, 195 S.W.3d 98 (Tex. 2006) (per curiam). There, we held that a plea to the jurisdiction based on sovereign immunity was not a claim for affirmative relief that survived nonsuit. *See id*. at 101. As Starwood notes, such a plea, if sustained, would result in a dismissal with prejudice if the plaintiff could not re-plead to avoid the jurisdictional bar, *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). But dismissal based on immunity is not a sanction to deter frivolous lawsuits; rather, it is simply a termination of the litigation on jurisdictional grounds. *Blackmon* is inapposite.

Like the statute in *Samlowski*, section 150.002(e) "provides no particular guidance on how the court should exercise its discretion," 332 S.W.3d at 410, in deciding whether to dismiss an action with prejudice rather than without. Therefore, "[g]uidance must come instead from the broader purposes" of the statute. *Id.* These matters remain for the court of appeals to consider.

Starwood's nonsuit did not moot CTL's appeal. Accordingly, we grant CTL's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and remand the case to that court.

Opinion delivered: January 25, 2013