# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00296-CV

**Texas Commission on Environmental Quality, Appellant**

**v.**

**Public Citizen, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-09-003426, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellee Public Citizen, Inc., as part of its motion to dismiss this interlocutory appeal as moot, has asked in the alternative that this Court remand for the limited purpose of allowing Public Citizen to voluntarily dismiss its claims against appellant Texas Commission on Environmental Quality (TCEQ) in the trial court. TCEQ opposes the motion. However, it is not apparent that Public Citizen needs permission from this Court to dismiss its own case. Under the Texas Rules of Civil Procedure, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." Tex. R. Civ. P. 162. Rule 162 is applicable here because this is an interlocutory appeal from the trial court's denial of TCEQ's plea to the jurisdiction. *See University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per

curiam). Because the trial court generally does not have discretion to refuse to dismiss a suit, Public Citizen has the absolute right to dismiss its claims. *See CTL/Thompson, LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 299 (Tex. 2013) (per curiam).[1]

Nevertheless, because Public Citizen has sought permission from this Court to dismiss its suit below, we abate this appeal for thirty days for the sole purpose of allowing Public Citizen to dismiss its claims against TCEQ in the trial court. Public Citizen shall file in this Court proof of its dismissal or nonsuit on or before August 15, 2013. If such proof is not filed in this Court by that date, this appeal will be reinstated. Having decided to abate this appeal, we do not reach Public Citizen's motion to dismiss at this time. Tex. R. Civ. P. 47.1.

Before Justices Rose, Goodwin, and Field

Abated

Filed: July 16, 2013

---

[1] Although a nonsuit may not prejudice the rights of an adverse party to be heard on its pending claims, TCEQ's plea to the jurisdiction based on sovereign immunity is not a claim for affirmative relief that survives nonsuit. *See CTL/Thompson, LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 300–01 (Tex. 2013) (per curiam); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).