

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-13-00558-CV

**BRUINGTON ENGINEERING, LTD.**,
Appellant

v.

**PEDERNAL ENERGY, L.L.C.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7,767
Honorable Jose A. Lopez, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: August 27, 2014

REVERSED AND RENDERED

This case was previously before our court on the issue of non-compliance with the requirement that a plaintiff file an expert's affidavit contemporaneously with the original complaint pursuant to section 150.002 of the Texas Civil Practices and Remedies Code. *See Bruington Eng'g Ltd. v. Pedernal Energy L.L.C.* (*Bruington I*), 403 S.W.3d 523 (Tex. App.—San Antonio 2013, no pet.) (analyzing TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)). We reversed and remanded the cause to the trial court (1) with instructions to dismiss the lawsuit

and (2) for a determination of whether the dismissal should be with or without prejudice. *See id.* On remand, the trial court dismissed without prejudice.

In this appeal, we are asked to determine whether the failure to file a section 150.002(a) affidavit, contemporaneously with the original complaint, requires a dismissal with or without prejudice pursuant to section 150.002(e). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (e). Because Appellee Pedernal Energy L.L.C. failed to file the section 150.002(a) affidavit contemporaneously with its first-filed petition, and the exception of subsection (c) does not apply, the dismissal must be *with* prejudice. Accordingly, the trial court abused its discretion in dismissing Pedernal's complaint *without* prejudice. We reverse the trial court's judgment and render judgment dismissing Pedernal's complaint with prejudice.

## BACKGROUND

The procedural and factual history previously set forth in *Bruington I* is paramount to our determination in this appeal; we, therefore, set forth a brief history. *See Bruington I*, 403 S.W.3d at 525–26.

Appellant Bruington Engineering, Ltd. was hired to serve as the project engineer at a natural gas well in Zapata County. Three Schlumberger companies were hired to perform hydraulic fracturing operations. During the fracking operations, a natural gas well was damaged.

On May 9, 2011, Pedernal[1] filed suit against Bruington and the Schlumberger entities for breach of contract, negligence, fraud, common law fraud, fraud by nondisclosure, and negligent misrepresentation. Pedernal also included a cause of action for breach of fiduciary duty against Bruington. Pedernal alleged that the Schlumberger entities were contracted to perform a fracking

---

[1] The original owner (Universe) and operator (Petrogas) of the damaged well assigned their claims for damages against Bruington and Schlumberger to Pedernal (a company partially owned by Carlos Zaffirini and formed days before the original petition was filed) in payment for attorneys' fees incurred in an unrelated litigation.

treatment on a well in Zapata County, and Bruington was hired to supervise the fracking operations. The Schlumberger entities allegedly did not complete the job due to equipment problems, which damaged the well formation. Bruington allegedly failed to report that the job was not completed and the well was damaged. All causes of action against Bruington were based on an alleged failure to supervise engineering aspects of the fracking job.

On June 8, 2011, Bruington timely answered the lawsuit. On June 15, 2011, it filed an amended answer with a motion to dismiss on the grounds that a certificate of merit did not accompany the original petition as mandated by section 150.002. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). Chapter 150 of the Texas Civil Practice & Remedies Code requires a plaintiff in any suit for damages arising out of services by licensed and registered professionals or their firms practicing in the areas of engineering, architecture, landscape architecture, or surveying to file, contemporaneously with the original complaint, a certificate of merit in the form of an affidavit by a like professional. *Id*. § 150.001(1-a), 002(a).[2]

On July 7, 2011, and before a setting on the motion to dismiss, Pedernal filed a notice of non-suit without prejudice. On August 2, 2011, the trial court signed an order of non-suit without prejudice effective July 7, 2011. Bruington did not object to the non-suit and did not appeal the order granting a non-suit without prejudice.

After the non-suit, the litigation against the Schlumberger entities continued. As part of the discovery, Bruington's corporate representative, Mike Hunt, was deposed as a non-party. When it came time to designate experts, Pedernal designated a section 150.002 expert, Alfred Jennings, Jr., P.E., who opined that Bruington breached the standard of care by failing to supervise the operations. At the time of the designation, Bruington was not a party. On February 13, 2012,

---

[2] Section 150.002 is titled "Certificate of Merit." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. The body of Section 150.002 refers to an "affidavit." *Id.* In this opinion, the terms are used interchangeably.

Pedernal amended its petition and included Bruington as a defendant alleging the same causes of action alleged in the original petition. This time, however, Pedernal accompanied the petition with a certificate of merit in the form of Jennings's affidavit.

On March 12, 2012, Bruington answered the amended petition, and three days later, Bruington filed another motion to dismiss for failure to include the certificate of merit in the *original* petition as required under section 150.002. *Id*. § 150.002(e).[3] The trial court denied the motion, and Bruington appealed. *See Bruington I*, 403 S.W.3d at 523.

In *Bruington I*, we held that all facts and causes of action alleged against Bruington, in both the original and amended petitions, arose "out of the provision of professional services by Bruington and [were] within the scope of Chapter 150." *See id*. at 529. We held,

> . . . section 150.002 requires a plaintiff to file a certificate of merit with its first-filed complaint. If a plaintiff fails to do so, the trial court has no discretion but to dismiss the claims, although the court may dismiss without prejudice.

*Id.* at 532. We remanded the case directing the trial court to determine whether dismissal should be with or without prejudice. *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e)).

On remand, the trial court held a hearing to determine whether the dismissal should be with prejudice or without prejudice. After an evidentiary hearing, on August 22, 2013, the trial court dismissed the lawsuit *without* prejudice. We are now asked to construe section 150.002(e) to determine if the trial court erred in dismissing the cause without prejudice.

### STANDARDS OF REVIEW

A decision to dismiss a case pursuant to a statutory mandate is reviewed under an abuse of discretion standard. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Hardy v. Matter*, 350 S.W.3d 329, 331 (Tex. App.—San Antonio 2011, pet. dism'd). Where, however, the resolution

---

[3] The motion also included an allegation that Jennings's affidavit did not address each cause of action as required by section 150.002(a). TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).

of the dismissal issue requires an appellate court to construe statutory language, "we first determine the statute's proper construction under a de novo standard, then determine if the trial court abused its discretion in applying the statute." *Hardy*, 350 S.W.3d at 331 (citing *Palladian Bldg. Co., Inc. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 436 (Tex. App.—Fort Worth 2005, no pet.)); *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (citing *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)).

### 1. Statutory Construction Under a De Novo Standard of Review

In construing section 150.002(e), we are guided by a number of principles, and "our primary objective is to discern and give effect to the Legislature's intent." *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). To discern the legislative intent behind section 150.002(e), "we [first] look to the statute's plain meaning because we presume that the Legislature intends the plain meaning of its words." *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citation omitted). When the Legislature's intent is not conveyed by the plain language of the statute, "we may resort to additional construction aids, such as the objective of the law, the legislative history, the common law or former statutory provisions, including laws on the same or similar subject, and the consequences of a particular construction." *Seguin v. Bexar Appraisal Dist.*, 373 S.W.3d 699, 704 (Tex. App.—San Antonio 2012, pet. denied) (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867–68 (Tex. 2009)); *see also* TEX. GOV'T CODE ANN. § 311.023 (West 2013). On the other hand, "[w]hen a statute is clear and unambiguous, we need not resort to rules of construction or extrinsic evidence to construe it." *Wickware v. Sullivan*, 70 S.W.3d 214, 218 (Tex. App.—San Antonio 2001, no pet.) (citing *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983)). "Instead, we may determine the intent of the Legislature from the plain and ordinary meaning of the words used within the statute." *Id.*

When determining the plain meaning of words we "'construe the language according to the rules of grammar and common usage.'" *Dunham Eng'g, Inc.*, 404 S.W.3d at 789 (quoting *Benchmark Eng'g Corp., v. Sam Houston Race Park*, 316 S.W.3d 41, 44–45 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by agr.)). "'[W]e must always consider the statute as a whole rather than its isolated provisions.'" *Seguin*, 373 S.W.3d at 704 (quoting *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)). Further, the plain meaning of words "cannot be determined in isolation but must be drawn from the context in which they are used." *TGS–NOPEC Geophysical Co.*, 340 S.W.3d at 441; *accord CrossTex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014).

"We presume that every word of a statute was used for a purpose, and every omitted word was purposefully not chosen." *Dunham Eng'g, Inc.*, 404 S.W.3d at 789 (citation omitted); *see also TGS–NOPEC Geophysical Co.*, 340 S.W.3d at 439 ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). "When the Legislature uses a term in one section of a statute and excludes it in another, the term should not be implied where it was excluded." *Hardy*, 350 S.W.3d at 332 (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995)). Finally, "'[w]e should not give one provision a meaning out of harmony or inconsistent with other provisions, although it may be susceptible to such a construction standing alone.'" *Seguin*, 373 S.W.3d at 704 (quoting *Helena Chem. Co.*, 47 S.W.3d at 493).

2.      *Application of Statutory Construction Under Abuse of Discretion Standard of Review*

Once we construe the statute, we determine whether the trial court abused its discretion in applying the statute to the facts before it. Numerous principles likewise guide us when determining whether a trial court abused its discretion. A trial court "abuses its discretion when it renders an

arbitrary and unreasonable decision lacking support in the facts or circumstances of the case." *Samlowski*, 332 S.W.3d at 410. Even if the law is unsettled, abuse of discretion occurs if a trial court fails to analyze or apply the law correctly, *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008), or "without reference to any guiding rules or principles." *Dunham Eng'g, Inc.*, 404 S.W.3d at 789; *see also CTL/Thompson Texas, LLC*, 390 S.W.3d at 301.

## DISCUSSION

With the above principles in mind, we first turn to the construction of section 150.002(e) under a de novo review. Only after a determination of the Legislature's intent regarding the finality of a dismissal following the plaintiff's failure to file the required certificate of merit, do we turn to whether the trial court abused its discretion in dismissing this cause without prejudice.

### A.      Texas Civil Practice and Remedies Code Chapter 150

Chapter 150 was enacted in 2003 to provide "for a various corrective measure that will help . . . reduce the costs of litigation . . . [and] addresses many of the root causes of the current situation: non-meritorious lawsuits." HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, TEX. H.B. 4, 78th Leg., C.S. (2003); *see also* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, TEX. H.B. 4, 78th Leg., C.S. (2003) ("The authors' stated intent is to . . . reduce litigation costs. . . ."). The requirement that an affidavit be filed with the complaint aids that purpose. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). The affidavit "provide[s] a basis for the trial court to conclude that the plaintiff's claims have merit," *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.), and "to provide a vehicle for dismissal when a claim lacks merit," *see Hardy,* 350 S.W.3d at 334. *See also Bruington I*, 403 S.W.3d at 527. By requiring that a plaintiff file a certificate of merit with the original petition, section 150.002(e) acts as a "sanction . . . to deter meritless claims and bring them quickly to an end." *CTL/Thompson Texas*,

390 S.W.3d at 301; *see also Bruington I*, 403 S.W.3d at 527; *Found. Assessment, Inc. v. O'Conner*, No. 02-13-00166-CV, 2014 WL 880501, at *2 (Tex. App.—Fort Worth, March 6, 2014, pet. filed).

Sections 150.002(a) and (b) establish the framework for the affidavit requirements in a complaint involving damages arising out of services by licensed and registered professionals in the area of engineering, architecture and surveying. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.[4] Subsection (a) deals with the timing for filing the affidavit of a third-party licensed or registered professional, while subsection (b) with its contents. *Id*. At issue in this case is subsection (a).

---

[4] Texas Civil Practices and Remedies Code section 150.002, "Certificate of Merit" provides:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
  (1) is competent to testify;
  (2) holds the same professional license or registration as the defendant; and
  (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
      (A) knowledge;
      (B) skill;
      (C) experience;
      (D) education;
      (E) training; and
      (F) practice.
(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.
(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.
(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.
(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.
(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.
(g) This statute shall not be construed to extend any applicable period of limitation or repose.
(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.

Subsection (a) mandates the affidavit be filed contemporaneously with the complaint. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). Subsection (c) provides the only exception to the contemporaneous filing requirement of subsection (a). TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). This exception extends the timing for filing the required affidavit if the complaint is filed within ten days of the expiration of the statute of limitations. *Id.* (c); *Bruington I*, 403 S.W.3d at 530. When the exception does not apply, subsection (e) mandates dismissal of the complaint. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

Subsection (e), however, includes the following permissive language: "This dismissal may be with prejudice." *Id.* Our primary focus on this appeal is to determine if the Legislature intended a dismissal under subsection (e) be with prejudice or without prejudice where a claimant failed to file an affidavit contemporaneously with the complaint.

**B.      Construction of Section 150.002(e)**

Section 150.002(e) provides,

> (e)     The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). A court, in construing whether a statute is ambiguous, may consider, among other things, the object sought to be attained, the circumstance under which the statute was enacted, the legislative history and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023. If the text is clear and unambiguous, to discern and give effect to the Legislator's intent, we must look to the plain and ordinary meaning of the words used in subsection 150.002(e). *Seguin*, 373 S.W.3d at 704; *Wickware*, 70 S.W.3d at 219; *see also* TEX. GOV'T CODE ANN. § 311.011(a).

1.     *"Failure To File The Affidavit In Accordance With This Section"*

The first sentence of section 150.002(e) is clear and unambiguous—"The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). There are no contradicting terms in the text, and the text provides a clear objective to dismiss the case if a plaintiff fails to file the required affidavit in compliance with the guidelines set out in subsections (a)-(c). *Id*. (a)-(c). We, therefore, turn to the plain and ordinary meaning of the words. *Seguin*, 373 S.W.3d at 704; *Wickware*, 70 S.W.3d at 219.

We must harmonize the plain meaning of the language "failure to file the affidavit in accordance with this section" with the affidavit requirements prescribed by all of the provisions of section 150.002. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e); *Seguin*, 373 S.W.3d at 704. Section 150.002 is comprised of parts (a) through (h). Our focus in this appeal is subsection (a).

Pursuant to subsection (a), in "any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, *the plaintiff shall be required to file with the complaint an affidavit. . . ."* *Id*. (a) (emphasis added). The Code Construction Act defines the word "shall" as imposing a mandatory requirement. TEX. GOV'T CODE ANN. § 311.016(2). And nothing in section 150.002 suggests otherwise. We, therefore, conclude section 150.002(a) imposes a mandatory duty to *contemporaneously* file the affidavit with the complaint. *See Bruington I*, 403 S.W.3d at 530.

As we previously held, in the context of the entire statute, the language of section 150.002(a) further mandates the filing of the affidavit be contemporaneous with the *first-filed* complaint. *See id*. A plaintiff will not be allowed to circumvent the first-filed pleading requirement. *Id.* Accordingly, an affidavit not contemporaneously filed by the plaintiff with the

first-filed complaint is not filed in accordance to Section 150.002 and the plain language of the first sentence of section 150.002(e) mandates dismissal. *Id.* at 532.

Finding section 150.002(e) mandates dismissal, however, still leaves open the question of dismissal with or without prejudice. We, therefore, turn to the Legislature's intent regarding the finality of the dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

> 2. *"This dismissal may be with prejudice."*

The construction of the second sentence of section 150.002(e), turns on the "[t]his dismissal *may* be with prejudice." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (emphasis added).

Citing the Government Code, Pedernal argues that the word "may" gives a trial court discretion to determine whether it is appropriate to dismiss a complaint when the affidavit is not filed contemporaneously with the complaint. TEX. GOV'T CODE ANN. § 311.016(1). Both parties argue that, upon a violation of section 150.002(a), a trial court's statutory discretion to dismiss the lawsuit with or without prejudice pursuant to 150.002(e) depends on the application of guiding rules and principles. Each urge a number of rules and guidelines that may apply to a determination of whether a court abused its discretion, but we do not believe any apply to statutory construction.

The term "may" is defined as creating discretionary authority or granting permission or a power. TEX. GOV'T CODE ANN. § 311.016(1). When used in a statute, as it is in section 150.002(e), "may" usually indicates the provision is discretionary, not mandatory. *Seguin*, 373 S.W.3d at 709 (citing *Hardy v. Marsh*, 170 S.W.3d 865, 870–71 (Tex. App.—Texarkana 2005, no pet.)). Thus, the language "dismissal may be with prejudice" clearly and unambiguously states that a dismissal with prejudice is permissive.

Although the word "may" implies a degree of discretion, the "plain meaning" principle of statutory construction can be defeated by indications of legislative intent to the contrary. *See, e.g., McLaughlin v. Smith*, 148 S.W. 288, 289–90 (Tex. 1912) ("A direction contained in a statute,

though couched in merely permissive language, will not be construed as leaving compliance optional, when the good sense of the entire enactment requires its provisions to be deemed compulsory"); *Wickware*, 70 S.W.3d at 220 (noting that the plain language of one statutory subsection may remove a trial court's discretion granted in another subsection when the latter subsection was intended to be read in conjunction with the prior one). Accordingly, we must still harmonize the plain meaning of the language "dismissal may be with prejudice" with affidavit requirements prescribed by all of the provisions of section 150.002. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e); *Seguin*, 373 S.W.3d at 704.

We limit our analysis to whether "[t]his dismissal *may* be with prejudice" is clear and unambiguous in the context of subsection (a). A failure to file a section 150.002(a) affidavit contemporaneously with the first-filed petition mandates dismissal with prejudice pursuant to section 150.002(e). Yet, a "plaintiff who does not timely file the certificate of merit should not be allowed to circumvent the unfavorable ruling of a dismissal by nonsuiting and then filing an amended complaint with the appropriate certificate." *Bruington I*, 403 S.W.3d at 532. Unless the exception in subsection (c) applies, a dismissal without prejudice under these circumstances would be contrary to legislative intent.

We, therefore, hold that, as a matter of law, when a plaintiff fails to file an affidavit contemporaneously with the first-filed complaint, and the exception under section 150.002(c) does not apply, the Legislature intended the complaint be dismissed with prejudice. Based on our statutory construction, the trial court abused its discretion in dismissing Pedernal's complaint *without* prejudice.

## CONCLUSION

Absent the exception under Section 150.002(c), Section 150.002(e) precludes a plaintiff who fails to file an affidavit contemporaneously with the first-filed complaint from filing an

amended complaint with the necessary affidavit and a trial court must dismiss the complaint with prejudice. Here, the trial court abused its discretion in dismissing Pedernal's complaint without prejudice. We, therefore, reverse the trial court's judgment dated July 29, 2013, and render judgment that Pedernal's complaint is dismissed with prejudice.

Patricia O. Alvarez, Justice