**Opinion issued July 23, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-01000-CV

_____

**TOBY PAUL COUCHMAN AND PRO-SURV, Appellants**

**V.**

**ELIZABETH CARDONA, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-29414**

---

## O P I N I O N

Appellee, Elizabeth Cardona, filed suit against appellants, Toby Paul Couchman and Pro-Surv, for damages based on an allegedly incorrect land survey. Couchman and Pro-Surv filed a motion to dismiss based on Cardona's failure to file a certificate of merit with her petition. Cardona nonsuited her claims against

Couchman and Pro-Surv and later filed the underlying suit based on the same underlying injury. Couchman and Pro-Surv filed a motion to dismiss, which the trial court denied. In two issues, Couchman and Pro-Surv argue the trial court abused its discretion by denying their motion to dismiss because (1) Cardona's failure to file a certificate of merit in the earlier case controlled the outcome of the current suit and (2) the certificate of merit was insufficient.

We affirm.

## Background

In early 2012, Cardona sought to buy certain property in Houston, Texas. To obtain a loan, Cardona had to obtain title insurance. To obtain title insurance, Cardona had to have a survey of the land performed. Pro-Surv provided a survey performed by Couchman before closing. That survey indicated the property was not in a flood plain.

Some time after she purchased the property, Cardona learned that Couchman and Pro-Surv produced a second survey of the same property, indicating that the property was, in fact, in a flood plain. Because the property was in a flood plain, the City of Houston denied her permits for the construction planned for the property.

On June 26, 2014, Cardona filed suit against Couchman and Pro-Surv, asserting claims for breach of contract, negligence, gross negligence, fraud, and

violations of the Insurance Code and the Deceptive Trade Practices Act. Couchman and Pro-Surv filed a motion to dismiss the suit due to Cardona's failure to file a certificate of merit pursuant to section 150.002 of the Texas Civil Practice and Remedies Code.[1] Couchman and Pro-Surv set a hearing on the motion for May 9, 2014. On May 8, Cardona filed a notice of nonsuit. Four days later, the trial court signed an order of non-suit, dismissing without prejudice all claims filed against Couchman and Pro-Surv.

The next month, Cardona again filed suit against Couchman and Pro-Surv, alleging the same causes of action based on the same underlying facts. This time, Cardona included a certificate of merit with her petition. The certificate identifies the two land surveys in question. It recognizes that both surveys contained Couchman's registered stamp and Pro-Surv's copyright mark. It also recognizes that the City of Houston denied Cardona's zoning permits due to the indication in the latter survey that the property was in a flood zone.

For the first survey, the certificate concludes that, if it did not reflect Couchman's opinion, then Couchman did not exercise reasonable control over his seal and that Pro-Surv acted with reckless disregard for the truth in delivering it. For the second survey, the certificate concludes that, by not delivering it until after closing, Couchman and Pro-Surv's performance was untimely. The certificate

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (Vernon 2011).

asserted that Couchman and Pro-Surv "expected their consumer to rely on the documents available at the transaction's closing to represent the true opinion of the surveyor whose name appears on the survey report." The certificate also critiqued the adequacy of Couchman and Pro-Surv's "record-keeping to differentiate between work in progress and completed surveys." It asserts that a registered professional land surveyor has a duty to ensure that documents do not bear his signature and stamp unless they reflect his considered opinion and a duty not to allow circulation of documents that purport to contain his considered opinion but do not. The certificate concludes that Couchman and Pro-Surv breached these duties.

Couchman and Pro-Surv filed a motion to dismiss. In it, they argued that Cardona was required to file a certificate of merit with her "first-filed" petition, that the first-filed petition was the petition in the first suit, and that, because Cardona did not file a certificate of merit with the petition in the first suit, the trial court was required to dismiss Cardona's claim in the current suit. They also argued that the certificate of merit was deficient. The trial court denied the motion to dismiss.

### Standard of Review & Applicable Law

An order granting or denying a motion to dismiss for failure to file a certificate of merit is immediately appealable. *See* TEX. CIV. PRAC. & REM. CODE

4

ANN. § 150.002(f) (Vernon 2011). We review a trial court's order denying a motion to dismiss for abuse of discretion. *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

To the extent we are required to interpret a statute, that aspect of our review is performed de novo. *See TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 752 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." *Better Bus. Bureau of Metro. Hou., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *Tex. Lottery Com'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)). We presume that the legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We apply the plain meaning of the words of the statute as written "unless a different meaning is apparent from the context or the plain

meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

## "First-Filed" Petition

In their first issue, Couchman and Pro-Surv argue that the trial court abused its discretion by denying their motion to dismiss in the underlying suit because Cardona did not file a certificate of merit with the petition in the earlier suit. A plaintiff is required to file a certificate of merit along with her original petition "[i]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional." CIV. PRAC. & REM. § 150.002(a). A "licensed or registered professional" includes a "registered professional land surveyor . . . or any firm in which such licensed or registered professional practices." TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-a) (Vernon Supp. 2014). Subject to an exception not applicable in this case,[2] "[t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." CIV. PRAC. & REM. § 150.002(e).

Couchman and Pro-Surv argue that the statute required Cardona to file a certificate of merit with her "first-filed" petition, that the petition in the earlier suit

---

[2]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c) (Vernon 2011) (allowing certificate of merit to be filed after original petition if period of limitations will expire within 10 days of filing).

will always constitute the "first-filed" petition, and that this requirement prevents her from ever satisfying the statutes requirements. Couchman and Pro-Surv's argument depends upon an analysis of what "first-filed petition" means. The term they ask us to construe, however, does not come from the statute itself but from earlier opinions from this court paraphrasing the requirements of the statute. *See Pelco Const., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Pakal Enters., Inc. v. Lesak Enters. LLC*, 369 S.W.3d 224, 228 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

In *Pelco*, we summarized the requirements of subsection 150.002(a) as "[w]hen required, the certificate of merit must be filed with the first-filed petition asserting the relevant claim against a professional." 404 S.W.3d at 53. Likewise, in *Pakal*, we summarized it as "section 150.002 requires a plaintiff to file a certificate of merit with the first-filed petition asserting a negligence claim against a professional." 396 S.W.3d at 228.

Both *Pelco* and *Pakal* involved a single lawsuit without a prior suit that had been dismissed without prejudice. *Pelco*, 404 S.W.3d at 52; *Pakal*, 369 S.W.3d at 226. Accordingly, Couchman and Pro-Surv are relying on these cases for propositions never raised or analyzed in the opinions. Likewise, relying on the paraphrasing of the statute by an appellate court as proof of legislative intent violates the requirement that, "[i]n interpreting statutes, our primary purpose is to

7

give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature . . . ." *Better Bus. Bureau*, 441 S.W.3d at 353 (citing *First State Bank of DeQueen*, 325 S.W.3d at 635).

The actual language of the statute at issue provides, in pertinent part, that, "[i]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit . . . ." CIV. PRAC. & REM. § 150.002(a). The statute provides, then, that in an action brought by the plaintiff, the affidavit— known as the certificate of merit—must be filed with the petition *in that action*. *Id.* The statute does not extend the limitation to any subsequently-filed case. *See id.*

Couchman and Pro-Surv also argue that the trial court should have granted the motion to dismiss in the underlying suit because the trial court was required to dismiss with prejudice in the earlier suit. We do not need to reach whether the trial court was required to dismiss Cardona's claims with prejudice in the earlier suit because, even if dismissal with prejudice was proper, Couchman and Pro-Surv failed to challenge the alleged error in the earlier suit and cannot challenge any alleged error now.

A motion to dismiss with prejudice under this chapter is a sanction meant "to deter meritless claims and bring them quickly to an end." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013). A

8

motion to dismiss with prejudice, then, is a motion for sanctions relief. *See id.* at 300–01. A motion to dismiss with prejudice survives a nonsuit filed by a plaintiff. *See id.* at 300. Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, the party seeking dismissal with prejudice can appeal the denial of the sanctions relief. *See id.* at 301.

Before Cardona filed her nonsuit, Couchman and Pro-Surv had filed a motion to dismiss. Because Couchman and Pro-Surv sought to dismiss with prejudice, the motion contained a request for sanctions relief. *See id.* at 300–01. This motion survived the nonsuit. *See id.* at 300. Couchman and Pro-Surv do not argue and the record does not reflect that the trial court ever ruled on their motion for sanctions. Eight months later, the trial court signed a final judgment in the earlier suit. All interlocutory orders, including the dismissal of Cardona without prejudice, were merged into the final judgment. *See Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972) (holding trial court's interlocutory rulings merge into final judgment). Couchman and Pro-Surv did not appeal the judgment.[3] Except when the judgment is void, a party may not attack a final judgment for alleged errors. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–72 (Tex. 2012). Couchman and Pro-Surv have not argued that the earlier judgment is void, and we

---

[3]     *Cf. Cardona v. Startex Title Co.*, No. 14-15-00179-CV, 2015 WL 2404863, *1 (Tex. App.—Houston [14th Dist.] May 19, 2015) (dismissing appeal pursuant to settlement, not identifying Couchman and Pro-Surv as parties to appeal).

find no reason to conclude that it is. Accordingly, Couchman and Pro-Surv cannot now challenge any alleged error in the trial court's failure to dismiss without prejudice.

We overrule Couchman and Pro-Surv's first issue.

## Adequacy of Certificate of Merit

In their second issue, Couchman and Pro-Surv argue that the trial court abused its discretion by denying their motion to dismiss the underlying suit because Cardona's certificate of merit did not satisfy the statutory requirements. A certificate of merit in a suit against a licensed or registered professional must

> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

CIV. PRAC. & REM. § 150.002(b). Couchman and Pro-Surv assert that Cardona failed to satisfy the requirements of the certificate of merit because the certificate does not sufficiently tie the improper actions on their part to the causes of actions asserted in the petition. They concede that Cardona's certificate meets the requirements for asserting a negligence claim. They assert, however, that the certificate does not meet the requirements of a gross negligence claim because the certificate does not identify any "alleged reckless disregard of Cardona's rights"; of a breach of contract claim because the certificate "does not mention the

10

existence, let alone [the expert's] review of, any contract"; of a fraud claim because the expert "does not explain or even intimate that any of [the acts described in the certificate] form the basis of a *fraud* claim"; or of claims for deceptive trade practices or insurance code violations because the expert "does not specifically address any of these theories of recovery in his certificate of merit."

While they cite cases from sister courts that require the certificate of merit to tie the alleged improper actions by the defendants to specific elements of specific causes of action,[4] Couchman and Pro-Surv overlook that we have already held this level of specificity is not required in *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2013, pet denied). There, we held that a certificate of merit does not "need to recite the applicable standard of care and how it was allegedly violated in order to provide an adequate factual basis for the identification of professional errors." *Id.* As we noted, a certificate of merit is "filed early in the litigation, before discovery and before other dispositive motions may be available." *Id.* at 346. Accordingly, the plaintiff is not required to marshal her evidence or establish every element of her claims. *See id.* Instead, "Chapter 150 requires only that a licensed professional, practicing in the same area

---

[4] *See Garza v. Carmona*, 390 S.W.3d 391, 396–97 (Tex. App.—Corpus Christi 2012, no pet.) (rejecting certificate of merit for not tying specific actions by defendants to specific causes of actions); *Packard Eng'g Assocs. v. Sally Grp., L.L.C.*, 398 S.W.3d 389, 395 (Tex. App.—Beaumont 2013, no pet.) (dismissing certain claims because not supported by certificate of merit).

11

of expertise as the defendant, provide a sworn written statement certifying that the defendant's actions were negligent or erroneous and stating the factual basis for this opinion." *Id.*

The Fourteenth Court of Appeals has reached the same conclusion. "Because the core focus of section 150.002(b) is ascertaining and verifying the existence of errors or omissions in the professional serves provided, it does not 'require that a certificate address operative facts other than the professional errors and omissions that are the focus of the statute.'" *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 796 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *M–E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 506 (Tex. App—Austin 2012, pet. denied)). Likewise, the Austin Court of Appeals has rejected the argument that a certificate of merit must "set forth facts that would satisfy each element of any legal theory or claim on which the plaintiff intends to rely—including each element of . . . contract and warranty claims." *M–E Eng'rs*, 365 S.W.3d at 505–07. Instead, the court held that the plain language of the statute upholds the conclusion that the legislature did not "intend[] to require affiants with expertise in such fields as engineering or architecture to opine regarding such far-afield subjects as contract construction or agency." *Id.* at 507.

Accordingly, Couchman and Pro-Surv's arguments that the certificate did not meet the statutory requirements by specifically identifying Cardona's causes of

action, by tying the alleged errors and omissions to the specific causes of action, by failing to identify specific provisions of any contract, or by failing to address any element concerning the defendants' intent must fail. The certificate of merit identifies the errors and omissions that form the basis of Cardona's claims: that Couchman prepared and Pro-Surv delivered to Cardona a land survey that incorrectly warranted that the property in question was not in a flood zone and that (after the property had been purchased) Couchman prepared but Pro-Surv did not deliver another land survey saying the same property was, in fact, in a flood zone. The certificate asserted that these actions were negligent or erroneous because Couchman and Pro-Surv knew Cardona would rely on the survey created before closing and that the survey created after closing was untimely. We hold the trial court did not abuse its discretion by denying the motion to dismiss based on the sufficiency of the certificate of merit. *See CBM Eng'rs*, 403 S.W.3d at 346 (upholding certificate of merit identifying errors in structural drawings and concluding that errors contributed to instability of building); *Dunham Eng'g*, 404 S.W.3d at 796–97 (upholding certificate of merit identifying errors in bid process and concluding that errors violated professional engineering duties).

We overrule Couchman and Pro-Surv's second issue.

## Conclusion

We affirm the trial court's order denying Couchman and Pro-Surv's motion to dismiss.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.