**Opinion issued November 22, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00320-CV

_____

## GESSNER ENGINEERING, LLC,

**Appellant**

**V.**

## ST. PARASKEVI GREEK ORTHODOX MONASTERY, INC.,

**Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 35918**

---

# O P I N I O N

In this appeal, we consider whether a trial court's dismissal for failure to file a certificate of merit as required by Texas Civil Practice and Remedies Code section 150.002 must be with prejudice. We agree with the majority of appellate

courts that have addressed the issue and held that dismissal with prejudice is not mandatory but, rather, a matter left to the trial court's discretion. Because we conclude that the trial court did not abuse its discretion by dismissing without prejudice, we affirm the trial court's judgment.

## Background

Appellee St. Paraskevi Greek Orthodox Monastery contracted with appellant Gessner Engineering, LLC to provide professional engineering services in connection with the Monastery's construction of a dining hall. In January 2015, the Monastery sued Gessner and four other defendants for various claims arising from the construction project in Cause No. 35694. The Monastery served Gessner with its petition which did not include a certificate of merit, but non-suited Gessner and another defendant before the answer deadline or any appearance by Gessner.

A year later, the Monastery filed an amended petition against Gessner and three other defendants in the same case, Cause No. 35694, this time attaching a certificate of merit and the declaration of Gary Masterman, which was dated January 7, 2016. Before the amended petition was served on Gessner, the Monastery non-suited its claims.

A month later, the Monastery filed a new suit against Gessner. The Monastery alleged that Gessner's negligence caused a continuing water infiltration problem in the Monastery's dining hall. The Monastery also alleged that Gessner

2

made negligent representations and breached contractual and fiduciary duties in connection with its work on the dining hall. The original petition in this new cause, Cause No. 35918, reflects the Monastery's intent to file the same January 7, 2016 certificate of merit required under Texas Civil Practices and Remedies Code § 150.002. It states: "Gessner's multiple breaches of the engineering standard of care are described in Exhibit A, the Declaration of Gary Masterman and Certificate of Merit." However, the attached Exhibit A was not the declaration of Gary Masterman and certificate of merit but a "Standard Form of Agreement Between Contractor and Subcontractor for use on a Sustainable Project." One month later, before Gessner answered, the Monastery filed a "Corrected Original Petition and Request for Disclosures," which attached the declaration of Gary Masterman and certificate of merit as Exhibit A.

Gessner answered and moved to dismiss the case under Texas Civil Practice and Remedies Code § 150.002 based on the Monastery's failure to file the certificate of merit with its first-filed petition. Gessner argued that the Monastery's failure to file the certificate of merit with its original petition could not be cured by amendment and, thus, its claims must be dismissed. Gessner requested that the case be dismissed with prejudice because this was the second original petition that the Monastery filed that did not comply with the certificate of merit requirement.

The Monastery responded that its failure to attach the certificate of merit to its petition was accidental and due to a clerical error. It also pointed out that it had previously filed the certificate of merit with its amended petition in Cause No. 35694, but it nonsuited Gessner from that case after a trial court stay to determine whether the claims against other defendants were subject to arbitration.

Following a hearing on Gessner's motion to dismiss, the trial court dismissed the Monastery's claims without prejudice. Gessner appealed.

## Discussion

In two related issues Gessner argues that dismissal with prejudice was mandatory under Texas Civil Practice & Remedies Code § 150.002(e) and the trial court's dismissal without prejudice was an abuse of discretion.

## A.    Standard of Review

We review a trial court's order on a motion to dismiss for failure to file a certificate of merit in accordance with Texas Civil Practice & Remedies Code § 150.002 for an abuse of discretion. *Couchman v. Cardona*, 471 S.W.3d 20, 23 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court does not abuse its discretion simply because an appellate court would decide a discretionary matter differently in a similar circumstance. *Id*. Rather, a trial court abuses its discretion when it acts arbitrarily or unreasonably,

4

without reference to any guiding rules and principles, or if it fails to analyze or apply the law correctly. *Couchman,* 471 S.W.3d at 23; *Dunham*, 404 S.W.3d at 789. "[A]n abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision." *Palladian Bldg. Co. v. Nortex Found. Designs, Inc*., 165 S.W.3d 430, 434 (Tex. App.—Fort Worth 2005, no pet.).

"To the extent we are required to interpret a statute, that aspect of our review is performed de novo." *Couchman*, 471 S.W.3d at 23; *see also Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 217–18 (Tex. App.—Corpus Christi 2016, pet. denied). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." *Couchman*, 471 S.W.3d at 23–24 (quoting *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc*., 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)). "We presume that the legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Couchman*, 471 S.W.3d at 24 (citing *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)).

## B.    Applicable Law

Section 150.002(a) of the Texas Civil Practice and Remedies Code requires a plaintiff to file "an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor"—known as a certificate of merit—with its complaint in any lawsuit arising out of professional services rendered by a licensed or registered professional. TEX. CIV. PRAC. & REM. CODE § 150.002(a). Section 150.002(e) sets forth the consequence for failing to do so:

> The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE § 150.002(e). Section 150.002(c) provides an exception to the contemporaneous filing requirement when the petition is filed within ten days of the limitations period and the plaintiff alleges that the certificate of merit could not be prepared because of such time constraints. TEX. CIV. PRAC. & REM. CODE § 150.002(c).

The Texas Supreme Court has held that dismissal with prejudice under section 150.002 is "discretionary." *See CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam). In *CTL/Thompson*, the trial court denied a motion to dismiss for failure to comply with the certificate of merit requirements under section 150.002. 390 S.W.3d at

6

300. Before the appeal was decided, the plaintiff nonsuited its claims. *Id*. The Court of Appeals held that the nonsuit mooted the appeal, but the Texas Supreme Court reversed, concluding that section 150.002(e) authorizes further relief than dismissal without prejudice—namely, dismissal with prejudice. *Id*. at 301. The Court noted that granting dismissal with prejudice under section 150.002 is discretionary so long as the trial court does not "act 'in an arbitrary or unreasonable manner without reference to guiding rules or principles.'" *Id*. (quoting *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)). The Court explained that while section 150.002 "provides no particular guidance on how the court should exercise its discretion in deciding whether to dismiss an action with prejudice rather than without," "guidance must come instead from the broader purposes of the statute." *Id*. (internal citations omitted). The Court further noted that the purpose of section 150.002(e) dismissal is to deter meritless claims and bring them quickly to an end. *Id*. Accordingly, the Court remanded the case to the Court of Appeals to determine whether the denial of the defendant's motion to dismiss with prejudice was an abuse of discretion. *Id*.

Several Texas courts of appeals have similarly held that a trial court has discretion to determine whether a case should be dismissed with or without prejudice. *See TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc*., 463 S.W 3d 71, 76 (Tex. App.—Dallas 2014, pet. denied) ("Because the statute states the dismissal

'may' be with prejudice, it expressly does not require a dismissal with prejudice."); *Miramar Petroleum*, 484 S.W.3d at 217–18 (concluding that section 150.002(e) grants trial court discretion to dismiss a complaint with or without prejudice); *Palladian*, 165 S.W.3d at 436 (noting that "the statute is worded so as to permit but not require that the dismissal be with prejudice"). They have reasoned that the plain language of section 150.002 reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given another opportunity to comply with the statute. *See TIC*, 463 S.W 3d at 77 (holding trial court abused its discretion in dismissing refiled suit with prejudice where newly filed petition complied with § 150.002 and previous lawsuit was dismissed without prejudice, noting § 150.002 "reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute"); *Miramar Petroleum*, 484 S.W.3d at 217–18 (same); *Palladian*, 165 S.W.3d at 436 (affirming trial court's dismissal of plaintiff's claims without prejudice where plaintiff's failure to file certificate of merit under section 150.002 was unintentional oversight, noting that "[i]f the legislature had intended to mandate that the trial court only dismiss with prejudice, the statute could easily have been so worded").

### 1. Analysis

Section 150.002(e) provides:

> [t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE § 150.002(e). The plain text of section 150.002(e) provides that a complaint shall be dismissed when a plaintiff fails to file the affidavit in accordance with the statute, but it expressly states that the dismissal *may be with prejudice*. TEX. CIV. PRAC. & REM. CODE § 150.002(e) (emphasis added). Because the statute states that the dismissal "may" be with prejudice, it does not expressly require dismissal with prejudice. *TIC*, 463 S.W.3d at 76. Thus, we conclude that the legislature's use of the word "may" in 150.002(e) cloaks the trial court with discretion to determine whether a case should be dismissed with or without prejudice. *See* TEX. GOV'T CODE § 311.016 ("May" creates discretionary authority or grants permission or a power); *see also CTL/Thompson*, 390 S.W.3d at 301 (dismissal with prejudice under section 150.002(e) is discretionary); *Palladian*, 165 S.W.3d at 436 ("[T]he statute is worded so as to permit but not require that the dismissal be with prejudice.").

Gessner relies on a single case reaching a contrary conclusion, *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 456 S.W.3d 181 (Tex. App.—San Antonio 2014, pet. granted), to argue that dismissal with prejudice was mandatory. In *Bruington*, the San Antonio Court of Appeals reviewed the trial court's dismissal without prejudice of a lawsuit in which the appellee failed to attach a certificate of

9

merit to its original petition as required by section 150.002. 456 S.W.3d at 184–85. In analyzing whether the legislature intended dismissal under section 150.002(e) to be with or without prejudice, the majority wrote that "[a]lthough the word 'may' implies a degree of discretion, the 'plain meaning' principle of statutory construction can be defeated by indications of legislative intent to the contrary." *Id*. at 189 (citations omitted). The *Bruington* majority held that "when a plaintiff fails to file an affidavit contemporaneously with the first-filed complaint, and the exception under section 150.002(c) does not apply, the Legislature intended the complaint be dismissed with prejudice." *Id*. at 190. Accordingly, the Court of Appeals found that the trial court abused its discretion in dismissing the plaintiff's case without prejudice. *Id*.

We find *Bruington* unpersuasive and instead conclude, following *CTL/Thompson* and the reasoning of the other courts of appeals that have considered the question, that the plain language of section 150.002(e) does not require dismissal with prejudice. Accordingly, we conclude that the trial court had discretion to determine whether the Monastery's case should be dismissed with or without prejudice. *See CTL/Thompson*, 390 S.W.3d at 301; *TIC*, 463 S.W 3d at 76; *Miramar Petroleum*, 484 S.W.3d at 217–18; *Palladian*, 165 S.W.3d at 436.

The only remaining question is whether the trial court's dismissal without prejudice was an abuse of discretion under the circumstances. Gessner contends

that, while guiding rules and principles may permit a court to give a plaintiff a "second chance" to comply with the statute, it was an abuse of discretion to give the Monastery a fifth chance to comply. The Monastery argues that dismissal without prejudice was warranted because: (1) it had previously filed Masterman's certificate of merit in the first-filed suit, Cause No. 35694; (2) the unambiguous reference to the certificate of merit in its original petition in the second suit, Cause No. 35918, evidences its intent to comply with the statute; (3) uncontroverted evidence shows that its failure to attach the certificate of merit to its original petition in Cause No. 35918 was an accidental clerical error that it promptly cured; and (4) Gessner was not prejudiced.

It is undisputed that the Monastery secured the certificate of merit and declaration of Gary Masterman dated January 7, 2016 over a month before it filed its original petition in Cause No. 35918, and that the Monastery had filed that same certificate of merit and declaration in the first-filed suit. Additionally, it filed a sworn declaration of its counsel's paralegal, who averred that she was instructed to and intended to attach the declaration of Gary Masterman and the certificate of merit to the original petition in Cause No. 35918, but, due to a clerical error, instead attached an AIA form contract. She further averred that her error was "purely accidental and unintentional."

11

Gessner effectively concedes that the Monastery promptly cured its clerical error. And Gessner did not controvert the paralegal's sworn affidavit or demonstrate how her error prejudiced Gessner. Rather, Gessner asserts that dismissal with prejudice was required because the Monastery has had multiple chances to comply with the statute and failed to do so. Gessner does not cite, nor do we find, authority requiring dismissal with prejudice under these circumstances. We conclude that dismissal without prejudice on this record was neither arbitrary nor unreasonable so as to constitute an abuse of discretion.

On the contrary, the trial court's exercise of its discretion was consistent with our "overarching policy in approaching the unintentional errors of counsel [which] is that cases should be decided on the merits rather than on a procedural default, when possible." *Tex. Dep't of Aging and Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults")). We are especially loath to dismiss a case for a technical defect where, as here, it was caused by a clerical error related to filing that did not cause prejudice. *See Mersch*, 418 S.W.3d at 742 ("filing and service rules should not become a trap for the unwary when no harm is done"). On this record, which reflects that the Monastery obtained the required certificate of merit and includes

uncontroverted proof that the failure to file it with the Monastery's original petition was a clerical error that resulted in no harm to Gessner, the trial court's dismissal without prejudice was not an abuse of discretion. *See Palladian*, 165 S.W.3d at 435 (holding no abuse of discretion in dismissing case without prejudice where plaintiff's failure to file required affidavit was unintentional oversight); *see also TIC*, 463 S.W 3d at 76 (noting that "trial court has discretion to determine whether a dismissal should be with or without prejudice").

We overrule appellant's first and second issues.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.