# IN THE SUPREME COURT OF TEXAS

══════════
No. 15-0123
══════════


PEDERNAL ENERGY, LLC, PETITIONER,

v.

BRUINGTON ENGINEERING, LTD., RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**Argued September 14, 2016**


JUSTICE JOHNSON delivered the opinion of the Court, in which CHIEF JUSTICE HECHT, JUSTICE GREEN, JUSTICE WILLETT, JUSTICE GUZMAN, JUSTICE LEHRMANN, JUSTICE BOYD, and JUSTICE BROWN joined.

JUSTICE DEVINE filed a concurring opinion.


Section 150.002 of the Civil Practice and Remedies Code is entitled "Certificate of Merit." It requires a plaintiff to file an expert affidavit in a lawsuit or arbitration for damages arising out of the provision of professional services by licensed or registered professionals. Section 150.002(e) provides that if an affidavit is not filed in accordance with the statute, the trial court *shall* dismiss the claim and the dismissal *may* be with prejudice. This case involves the application of that language.

Pedernal Energy, Ltd. sued Bruington Engineering, LLC and others for damages resulting from a fracturing operation on Pedernal's gas well. Pedernal alleged that Bruington provided substandard engineering services in connection with the operation, but failed to file a certificate of merit expert affidavit with its claim. Bruington moved for dismissal and Pedernal non-suited, then re-sued Bruington by amended petition accompanied by an expert affidavit. The trial court denied Bruington's motion to dismiss, Bruington appealed, and the case was remanded with instructions. The trial court then dismissed Pedernal's amended claim without prejudice. Bruington again appealed. This time the court of appeals held that section 150.002(e) required Pedernal's claim to be dismissed with prejudice because an expert affidavit was not filed with the original petition.

We reverse the judgment of the court of appeals and reinstate the judgment of the trial court. Section 150.002(e) required dismissal of the claims against Bruington, but the statute affords trial courts discretion to dismiss either with or without prejudice. Under this record the trial court did not abuse its discretion by dismissing the claims without prejudice.

## I. Background

Pedernal's predecessors in interest hired Schlumberger Technology Corporation, Schlumberger Services, Inc., and Schlumberger, Ltd. (collectively, Schlumberger) to perform fracturing operations on a gas well in Zapata County. Bruington was hired as project engineer.

The fracturing operations did not go well, resulting in Pedernal's suing Schlumberger and Bruington for damages to the well and the formation. Pedernal did not file a certificate of merit expert affidavit (affidavit) as to Bruington with its original petition, so Bruington moved for

2

dismissal of the claims against it with prejudice pursuant to section 150.002 of the Civil Practice and Remedies Code.  That section, in relevant part, provides as follows:

> **Certificate of Merit**
> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor . . . .
> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. . . .
> (c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit.  The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.
>
> . . . .
>
> (e) The plaintiff's failure to file the affidavit in accordance with this section *shall* result in dismissal of the complaint against the defendant.  This dismissal *may* be with prejudice.
> (f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

TEX. CIV. PRAC. & REM. CODE § 150.002 (emphasis added).  Before the trial court heard Bruington's motion, Pedernal filed notice of non-suit as to Bruington and requested the trial court to sign an order of non-suit without prejudice, which it did.  Pedernal's suit against Schlumberger proceeded.

Pedernal amended its petition several months after the non-suit to reassert the same claims against Bruington that it had asserted in its original petition.  This time it attached an affidavit.

3

Bruington moved for dismissal with prejudice of the claims in the amended petition on two grounds. The first was that Pedernal did not file an expert affidavit with its original petition as required by section 150.002; the trial court did not hold a hearing on Bruington's motion to dismiss with prejudice and did not address the motion in its order dismissing Pedernal's claims without prejudice, so the dismissal was "incomplete"; therefore, the claims should be dismissed with prejudice. The second ground was that even if the claims in the amended petition were not barred because of the failure to file an affidavit with the original petition, the affidavit filed with Pedernal's amended petition failed to address each of Pedernal's theories of liability as required by section 150.002. That failure, Bruington contended, also required dismissal with prejudice of all the claims asserted against it, or at least dismissal of the liability theories not addressed.

The trial court denied the motion and Bruington filed an interlocutory appeal as authorized by section 150.002(f). The court of appeals construed section 150.002(e) to require a plaintiff to file an affidavit with the first-filed complaint asserting a claim arising out of the provision of professional services. *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 532 (Tex. App.—San Antonio 2013, no pet.) (*Bruington I* ). Because Pedernal did not file an affidavit with its first-filed complaint, the court dismissed Pedernal's claims against Bruington and remanded the case to the trial court with instructions that it determine whether the dismissal should be with or without prejudice. The court reasoned that "[a] plaintiff who does not timely file the certificate of merit should not be allowed to circumvent the unfavorable ruling of a dismissal by nonsuiting and then [filing] an amended complaint with the appropriate certificate." *Id.*

4

On remand, the trial court held a hearing. Evidence at the hearing included testimony from attorneys representing both parties as well as Pedernal's certificate of merit. Pedernal's lawyers testified that they had not been aware of the certificate of merit requirement and dismissed the original claims against Bruington once the requirement was brought to their attention. The lawyers related that they re-filed the claims after submitting newly obtained records to their expert who then prepared the affidavit.

The trial court made findings of fact, including findings that Pedernal's claims against Bruington had merit and Pedernal's failure to file a certificate of merit with its original petition was neither intentional nor done with conscious indifference. The court dismissed Pedernal's suit without prejudice.

Bruington appealed again, arguing that the trial court abused its discretion by not dismissing with prejudice. The court of appeals agreed. Its reasoning was similar to that in its *Bruington I* opinion: dismissal without prejudice of an amended complaint—one making the same claims as the first petition filed without the required certificate of merit—would allow a plaintiff to avoid an unfavorable ruling on the first complaint by non-suiting it and re-filing with a certificate of merit. 456 S.W.3d 181, 189–90 (Tex. App.—San Antonio 2014) (*Bruington II*). The appeals court reversed and dismissed the complaint against Bruington with prejudice. *Id.* at 190. Pedernal moved for rehearing and en banc reconsideration. The court denied the motions, with three justices dissenting. *Id.* at 190.

As an initial matter, Bruington points out that the trial court's dismissal order does not sever the claims against it from the claims against Schlumberger, nor does the order limit the dismissal to

5

Pedernal's claims against Bruington. But neither party questions the finality of the order of dismissal; Schlumberger is not a party to this appeal; thus no issue is presented, and we express no opinion, as to the effect of the order on Pedernal's claims against Schlumberger. Because Schlumberger is not a party to this appeal, our references to the "claim" or "claims" will be references only to Pedernal's claims against Bruington.

In this Court, Pedernal does not dispute that section 150.002(e) required dismissal of its claims. Rather, it argues that the statute does not require dismissal with prejudice under these circumstances, but only affords the trial court discretion to do so. Pedernal maintains that the record from the hearing following *Bruington I* supported the trial court's findings that Pedernal had good cause for failing to file an affidavit with its original petition and that Pedernal was not consciously indifferent in failing to do so, thus the trial court did not abuse its discretion by dismissing its suit without prejudice. Pedernal alternatively argues that the court of appeals in *Bruington II* essentially imposed a death penalty sanction by dismissing its suit with prejudice, and the sanction is unconstitutional because it is unjust and excessive. Pedernal prays that we reverse the court of appeals' judgment and enter judgment dismissing its claims against Bruington without prejudice.

Bruington counters that the court of appeals correctly concluded that under section 150.002, Pedernal's failure to file an affidavit with its original petition required dismissal of its claims with prejudice. Alternatively, Bruington argues that even if section 150.002(e) is governed by a good-cause analysis, dismissal with prejudice was still required because (1) Pedernal failed to demonstrate reasonable diligence, and (2) the content of the untimely filed affidavit is deficient. Finally, Bruington asserts that Pedernal's claim that dismissal with prejudice under section 150.002

6

is unconstitutional is misplaced because Pedernal compares a section 150.002 dismissal to a death penalty sanction for discovery abuse, and the two involve completely different statutes and analyses.

## II. Statutory Construction

We construe statutory language *de novo*. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014). Our goal is to determine and give effect to the Legislature's intent. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Crosstex Energy Servs., L.P.*, 430 S.W.3d at 389–90. Words and phrases must be "read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE § 311.011. We construe statutes so that no part is surplusage, but so that each word has meaning. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). We presume "the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We also take statutes as we find them and refrain from rewriting text chosen by the Legislature. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009).

"May," when used in a statute, indicates that the provision is discretionary. TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). If a statute vests trial courts with discretion as to a matter, then we review a trial court's decision as to

that matter for abuse of discretion. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003) (noting that an abuse of discretion standard of review applies to a decision under a statute vesting a trial court with discretion to grant a grace period to comply with an expert report requirement). But the use of "may" does not permit trial courts complete discretionary authority: trial courts do not have discretion to make decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) ("Section 150.002(e) authorizes further relief—dismissal with prejudice—and while granting it is discretionary, the trial court cannot act 'in an arbitrary or unreasonable manner without reference to guiding rules or principles.'" (quoting *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)). For example, in *In re Pirelli Tire, L.L.C.*, we recognized that a statute providing that trial courts may decline to exercise jurisdiction under the doctrine of forum non conveniens gave trial courts "broad discretion." 247 S.W.3d 670, 676 (Tex. 2007). Nevertheless, we ultimately concluded that the trial court abused its discretion by denying a forum non conveniens motion because the denial was "arbitrary, unreasonable, [and] contrary to guiding rules and principles." *Id.* at 679.

### III. Analysis

#### A. The Statute

Section 150.002(e) is comprised of two straightforward sentences:

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE § 150.002(e). The first sentence requires dismissal, but does not specify whether it is to be with or without prejudice. Read in isolation, the sentence could be referencing either. That being so, we look to the context of the language being construed. *TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 441. And reading the first sentence in context with the second, it is clear that the Legislature intended the dismissal language in the first sentence to reference dismissal without prejudice. If it were otherwise and the first sentence's mandate is either (1) for the complaint to be dismissed with prejudice or (2) for the trial court to have discretion to dismiss with or without prejudice, then the second sentence is surplusage and meaningless. But we must interpret the statute in a way that gives meaning to all its words. *Columbia Med. Ctr. of Las Colinas*, 271 S.W.3d at 256. It is only if the Legislature intended the first sentence to reference dismissal without prejudice that the second sentence has meaning by expressly authorizing trial courts to dismiss with prejudice. *See, e.g.*, *Crosstex Energy Servs., L.P.*, 430 S.W.3d at 390; *TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439. On the other hand, neither sentence gives trial courts guidance about how to determine whether to dismiss with or without prejudice. *CTL/Thompson Tex., LLC*, 390 S.W.3d at 301("[S]ection 150.002(e) 'provides no particular guidance on how the court should exercise its discretion . . . .'" (quoting *Samlowski*, 332 S.W.3d at 410)).

Referencing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), Pedernal urges adoption of a "good cause" standard for section 150.002 requiring trial courts to dismiss claims without prejudice if the failure to comply with statutory requirements such as timely filing a certificate was not intentional or the result of conscious indifference. We decline to do so.

9

Section 150.002 contains an express "good cause" requirement, but it is in subsection (c), not subsection (e). *See* Tex. Civ. Prac. & Rem. Code § 150.002(c) ("The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing . . . . The trial court may, on motion, after hearing and *for good cause*, extend such time as it shall determine justice requires." (emphasis added)). The "good cause" exception in subsection (c) applies only to filings made within 10 days of limitations expiring. *Crosstex Energy Servs., L.P.*, 430 S.W.3d at 391.

We were faced with a similar statutory structure and similar language in *Samlowski*. There we considered an argument that we should adopt a "good faith" standard in one subsection of a statute where it did not appear, although that standard appeared in another subsection. *Samlowski*, 332 S.W.3d at 409. We rejected the argument, concluding that a trial court's discretion should not be measured by good faith, but by the broader purposes of the statute. *Id.* at 410.

As noted above, we presume the Legislature intended to use the words it used, and intended to omit words it did not use. Here, also, we decline to read "good cause" language into the statute when the Legislature did not place it there. *Cf.* Tex. Civ. Prac. & Rem. Code § 71.051 (providing for motions to stay or dismiss an action under the doctrine of *forum non conveniens* and stating that "[a]ny time limit established by this section may be extended by the court at the request of any party for good cause shown"); *id.* § 90.007 (requiring an expert report in claims involving asbestos and silica-related injuries and providing that "[o]n the motion of a party showing good cause, the court may shorten or extend the time limits provided in this section for filing or serving motions, responses, or reports"). Our conclusion is buttressed by the fact that "good cause" language is used

10

elsewhere in the same statutory section, thus the language necessarily was contemplated in connection with the language adopted by the Legislature, yet it was not included in section 150.002(e). *See* Tex. Civ. Prac. & Rem. Code § 150.002(c).

Bruington asserts that the only exception to section 150.002's requirement that an affidavit must be filed with the initial complaint is found in subsection (c), which provides that the contemporaneous filing requirement does not apply when limitations will expire within 10 days of filing. Tex. Civ. Prac. & Rem. Code § 150.002(c). It argues that courts cannot imply a second exception when the Legislature did not place one in the statute, and the claims should be dismissed with prejudice. However, the argument misses the mark. The question here is not whether Pedernal's failure to file a certificate comes within an implied exception to the filing requirement. Rather, the question is whether the statute precluded the trial court's dismissal of Pedernal's claims without prejudice after Pedernal failed to file a certificate with its original petition. As we point out above, neither the first nor second sentence of section 150.002(e) requires dismissal with prejudice, so there is no need to imply an exception.

Bruington argues that failing to file an affidavit with the first-filed complaint is a more severe violation of the statutory requirements than filing a defective affidavit, thus the more severe sanction of dismissal with prejudice should apply. But section 150.002 prescribes the same sanction—dismissal that may be with prejudice—for failure to comply with any of the statutory requirements. Had the Legislature intended different types of sanctions to apply to failure to comply with different parts of the statute it easily could have, and presumably would have, said so, but it did not. *Cf.* Tex. Civ. Prac. & Rem. Code § 74.351(b), (c) (requiring dismissal of a health care liability

11

claim with prejudice if a claimant has not filed an expert report, but permitting a 30-day extension to cure a timely filed deficient report).

In light of the foregoing, and because the language of section 150.002 provides no "guiding rules or principles" for a trial court's exercise of discretion, we consider various factors, *CTL/Thompson Tex.*, 390 S.W.3d at 301 (discussing section 150.002); *Pirelli Tire*, 247 S.W.3d at 676 (discussing the *forum non conveniens* doctrine), given the facts and circumstances of the particular case. *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) ("While the permissive word 'may' imports the exercise of discretion, the court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within the limits created by the circumstances of a particular case." (quotation omitted)). The Legislature did not explicitly declare its purpose in enacting section 150.002. And although its title, "Certificate of Merit," does not limit or expand the meaning of the statutory provisions, *see* TEX. GOV'T CODE § 311.024, the title nevertheless gives some indication of the Legislature's intent in enacting the section. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010). That indication coincides with our previous explanation that a section 150.002(e) dismissal "is a sanction . . . to deter meritless claims and bring them quickly to an end." *CTL/Thompson Tex.*, 390 S.W.3d at 301.

### B. Did the Trial Court Abuse its Discretion?

We first address the record that should have been considered by the trial court in exercising its discretion as to whether to dismiss Pedernal's claims with prejudice. Bruington urges that the statute's focus is on the time the statute was violated—here, when Pedernal filed its original petition without a certificate—and only the facts in existence at that time are material to whether dismissal

should be with prejudice. It points, in part, to our statement in *Crosstex Energy Services* that "failure to file a certificate of merit with the original petition cannot be cured by amendment." 430 S.W.3d at 395. We agree with Bruington's position. However, it does not alter the conclusion we reach in this case.

As explained above, while section 150.002 requires dismissal if the plaintiff fails to file an affidavit contemporaneously with the complaint, it does not require dismissal with prejudice. Rather, it gives the trial court discretion to do so. And Pedernal's failure to file an expert affidavit with its original petition was not, by itself, evidence that the allegations in its petition lacked merit or mandated the sanction of dismissal with prejudice. Nor does the record as of the time of the dismissal otherwise lead us to conclude that the trial court's action in dismissing without prejudice violated any guiding rules or principles so that its actions were arbitrary and unreasonable and an abuse of its discretion. Thus, the court of appeals erred by reversing the trial court's dismissal without prejudice.

The court of appeals did not reach Bruington's alternative argument that the affidavit Pedernal filed with its amended petition demonstrated that all or at least most of the claims against Bruington lacked merit and, therefore, should have been dismissed with prejudice. The parties have briefed and argued the issue here, so in the interest of judicial economy we will address it rather than remanding to the court of appeals. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012) ("The court of appeals did not address the Hospital's claim of immunity. Rather than remanding the case to the court of appeals for it to do so, however, we address the issue in the interest of judicial economy.").

At the trial court hearing held pursuant to the court of appeals' directive in *Bruington I*, Pedernal introduced into evidence an affidavit by Alfred Jennings, Jr., an engineer and expert in well stimulation. In his affidavit, Jennings described the condition of the well before the fracing operation, described the operation itself, discussed the difficulties encountered during the operation, described the documents provided by Bruington and Schlumberger that he reviewed, and noted that he consulted with a geologist in formulating his opinions. He expressed his opinion that Bruington was negligent and breached the appropriate engineering standard of care.

After the hearing, the trial court dismissed Pedernal's suit without prejudice. In its order the court made findings of fact and concluded that Pedernal's claims had merit. The court's findings, in part, were based on Jennings's averments that during the fracing operations on May 11 and 12, Bruington did not have an engineer at the well site, Bruington's representative failed to raise issues with Schlumberger generally concerning Schlumberger's poor performance, Bruington failed to document or inform Pedernal of the cause of the difficulties, Bruington offered no options to Pedernal regarding shutting down operations so pumps could be repaired or replaced despite recurrent pumping difficulties, and Bruington failed to require analysis of water from the well.

Bruington argues that Jennings's affidavit demonstrates the lack of merit in Pedernal's claims by neither specifically addressing nor referencing a factual basis for each theory of recovery. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(b) ("The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service . . . and the factual basis for each such claim."). More specifically, Bruington asserts that the certificate was

14

deficient because (1) Jennings only discussed Pedernal's negligence claim even though Pedernal's pleadings expressly alleged breach of contract, fraud, negligent misrepresentation, breach of fiduciary duty, and negligence as theories of recovery, and (2) the affidavit failed to link any theory of recovery to the damages Pedernal claimed. Bruington acknowledges that Jennings's affidavit specifically mentions negligence as a theory of recovery. But it contends the affidavit does not specify facts and a causal relationship between the alleged negligence and damages, so the negligence claim should have been dismissed with prejudice.

Assuming, without deciding, that the affidavit was deficient for the reasons Bruington urges, those deficiencies were not such that the trial court abused its discretion by not dismissing Pedernal's claims with prejudice. A plaintiff's failure to file an affidavit with an original petition, together with the filing of an amended petition with a deficient affidavit, might support a trial court's determination that the claims lack merit. But that determination is within the trial court's discretion and is reviewed for abuse of discretion. Moreover, assuming, again without deciding, that the statute requires an affidavit addressing each theory of recovery, the failure of Jennings's affidavit to specifically address each theory was in substance the filing of a second complaint without a supporting affidavit. Just as the filing of an original complaint without filing an affidavit might under some circumstances support a dismissal with prejudice, the filing of a second complaint without an affidavit might also support a dismissal with prejudice. But, the record does not conclusively demonstrate that Pedernal's claims lacked merit, or that the trial court's decision violated any guiding rules and principles and therefore was an abuse of discretion.

15

Bruington argues that interpreting chapter 150 consistently with its purpose leads to the conclusion that permitting a dismissal without prejudice under the circumstances before us will encourage lax attitudes toward the statute's contemporaneous filing requirement. We acknowledge the possibility of that effect in a general sense. But Bruington does not advance any reason to believe such consideration informed the Legislature's choice of language in section 150.002(e), and it is not reflected in the language of the statute. Thus, the consideration is immaterial to our inquiry as to legislative intent reflected by the language the Legislature adopted.

Bruington also asserts that Pedernal's claims must be dismissed with prejudice because Bruington was prejudiced by having to put extra work into defending the suit and because Pedernal did not act diligently to obtain Jennings's affidavit after it non-suited its first-filed claims. As we have explained above, the trial court did not abuse its discretion by refusing to dismiss the claims with prejudice. Whether Bruington has an avenue of relief other than dismissal of Pedernal's claims with prejudice for the extra time and expense it has incurred is not a question before us.

## IV. Conclusion

We reverse the judgment of the court of appeals and reinstate the judgment rendered by the trial court.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** April 28, 2017

16