In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00165-CV
_____

MICHAEL DAVID BELLOW JR., Appellant

V.

LEEANN MCQUADE, Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-198,048

MEMORANDUM OPINION

On February 5, 2016, the trial court signed an Order on Motion to Vacate Ex Parte Temporary Restraining Order, Motion to Dismiss for Lack of Jurisdiction and Motion for Sanctions, whereby the trial court dismissed an Ex Parte Temporary Restraining Order and sanctioned Appellant, Michael David Bellow Jr. in the amount of $3,000.00, from which Bellow appeals. In two issues, Bellow complains of lack of notice of the hearing and sanctions imposed against him, and that the trial

1

court abused its discretion by entering the order vacating the ex parte temporary restraining order and entering sanctions after he had effectively nonsuited the entire cause of action.

## Background

On January 26, 2016, Appellant, Michael David Bellow Jr., acting pro se, filed a verified petition for an ex parte emergency temporary restraining order and temporary injunction seeking to enjoin Leeann McQuade, DDS and Children's Dentistry of Beaumont from performing a non-emergency, invasive dental procedure which required intravenous sedation by an anesthesiologist on Bellow's three year old son, M.D.B.[1] Bellow alleged the procedure was without his parental consent. Bellow alleged that he conveyed his unwillingness to consent to the dentist and was told that the procedure would proceed without his consent on the following day. The trial court signed an Ex Parte Temporary Restraining Order on that same day, setting a hearing for a temporary injunction for February 3, 2016.

The following day, on January 27, 2016, C.H., the estranged wife and mother of the child, M.D.B., sought to intervene in the lawsuit and filed her Motion to Vacate Ex Parte Temporary Restraining Order, Motion to Dismiss for Lack of

---

[1] To protect the identity of the minor, we use the initials for the child and the child's mother. *See* Tex. R. App. P. 9.8(b)(2).

Jurisdiction and Motion for Sanctions, as well as a Motion to Show Cause. C.H. asserted that a family law court of Hardin County, wherein a suit for divorce and conservatorship of the child was pending, had exclusive jurisdiction of the subject matter and parties. Furthermore, C.H. alleged that Bellow personally served the signed Ex Parte Temporary Restraining Order upon the dentist instead of having proper service by an authorized process server. Finally, C.H. alleged that Bellow intentionally misled the trial court regarding the underlying facts surrounding the dental procedure, and C.H. represented to the trial court that Bellow had been sanctioned on more than one occasion in the divorce action and requested the court to enter sanctions against Bellow in the underlying suit. The trial court signed an Order to Appear and Show Cause ordering Bellow to appear before the court on the following day, January 28, 2016, at 2:30 p.m.

On January 28, 2016, prior to the show cause hearing, Bellow filed his Motion to Withdraw Petition for Temporary Injunction, Motion to Strike Hearing, and Motion to Rescind Emergency Temporary Restraining Order. Additionally, Bellow simultaneously filed pleadings, among other things, objecting to the lack of notice for the show cause hearing and request for sanctions.

At the show cause hearing, Bellow again voiced his objection to the hearing or consideration by the court of the intervention or motion for sanctions for lack of

3

notice. He represented to the court that he had only been served with the pleadings and Show Cause Order on the evening before the hearing, and he had inadequate time to prepare and respond to the allegations being lodged against him.

At the conclusion of the hearing, the trial court granted the motion to vacate the ex parte temporary restraining order and the motion to dismiss for lack of jurisdiction. Further, the court pronounced that it was assessing sanctions against Bellow in the amount of $3,000.00 to "put a stop to what you're doing in terms of all these filings." On February 5, 2016, the trial court signed the Order on Motion to Vacate Ex Parte Temporary Restraining Order, Motion to Dismiss for Lack of Jurisdiction and Motion for Sanctions, from which this appeal follows.

**Issues**

Bellow complains that the trial court abused its discretion when it went forward with the hearing and signed the Order on Motion to Vacate Ex Parte Temporary Restraining Order, Motion to Dismiss for Lack of Jurisdiction and Motion for Sanctions after Bellow had filed pleadings withdrawing his pleadings and effectively nonsuiting the entire cause of action. "A plaintiff has an absolute right to nonsuit a claim before resting its case-in-chief[.]" *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013). But a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending

4

claim for affirmative relief[,]" such as a motion for sanctions. Tex. R. Civ. P. 162.

To hold otherwise would defeat the purpose of sanctions. *CTL/Thompson Tex.,* 390

S.W.3d at 300. As C.H. had filed her intervention and motion for sanctions prior to

Bellow filing the nonsuit, the motion for sanctions survives Bellow's nonsuit.

Bellow also complains of the trial court issuing sanctions against him without

sufficient prior notice. Bellow preserved this issue by filing pleadings before the

hearing objecting to the lack of notice and objecting again at the hearing to the lack

of notice.[2] While Bellow may have been referring to inadequate time procedurally

to prepare for such hearing, due process also requires prior substantive notice before

a court may sanction a party.

C.H.'s motion for sanctions does not expressly state the legal basis on which

she was seeking sanctions. C.H. alleged in her motion for sanctions that

> Bellow has a history of lying and playing games with the judicial
> system. On three occasions in the divorce litigation[,] the Court
> sanctioned him for discovery abuse and assessed attorney's fees. On a
> third occasion, the Court made a finding of spoliation of evidence.

---

[2] Texas Rule of Civil Procedure 21 provides that notice of any hearing shall be served upon the adverse party not less than three days before any hearing, unless otherwise provided by the rules or shortened by the court. Tex. R. Civ. P. 21 (emphasis added). The trial court has discretion to shorten the three-day notice provision, and the trial court's action will not be disturbed except on a showing of an abuse of discretion. *Petitt v. Laware*, 715 S.W.2d 688, 690 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

> Because [Bellow] intentionally misled this Court, Intervenor asks that [Bellow] be made to pay $2,500.00 in attorney's fees and this Court assess any other sanctions allowable by law.

C.H.'s motion makes no mention of Chapter 10 of the Texas Civil Practice and Remedies Code, Rule 13 of the Texas Rules of Civil Procedure or the trial court's inherent power to sanction. However, from the transcript of the hearing and the wording of the trial court's order, it is clear that the trial court sanctioned Bellow for his "actions and dishonesty with the Court, both verbally and in his Verified Pleadings[,]" relying, at least in part, upon the inherent power of the court to impose sanctions.

We review the trial court's imposition of sanctions under an abuse-of-discretion standard. *Kings Park Apts., Ltd. v. Nat'l Union Fire Ins. Co.*, 101 S.W.3d 525, 540 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (applying abuse-of-discretion standard to review Rule 13 sanction award made pursuant to court's inherent power); *Gaspard v. Beadle*, 36 S.W.3d 229, 239 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (reviewing trial court's award of sanctions under abuse-of-discretion standard); *Finlay v. Olive*, 77 S.W.3d 520, 524 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (determining whether the trial court abused its discretion in awarding sanctions under Chapter 10). The test for determining if the trial court

abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990).

The due process clause of the United States Constitution limits a court's power to impose sanctions. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding); *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Likewise, the due course of law provision in article I, section 19 of the Texas Constitution limits the power to impose sanctions. Tex. Const. art. I § 19. For these reasons, imposing sanctions requires the party who is subject to being sanctioned to be given "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *In re L.A.M. & Assocs.*, 975 S.W.2d 80, 83 (Tex. App.—San Antonio 1998, no pet.) (quoting *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)).

The relevant sources for the sanctions imposed in this case—Rule 13, Chapter 10, and the inherent power of the court—each expressly requires that notice be given to the party who was sanctioned. Tex. Civ. Prac. & Rem. Code Ann. § 10.003 (West 2017); Tex. R. Civ. P. 13. When a party or attorney violates Rule 13, the court shall impose sanctions on a motion or on the court's own initiative, "after notice and hearing." Tex. R. Civ. P. 13. With regard to Chapter 10 sanctions, section 10.003

provides that "[t]he court shall provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations." Tex. Civ. Prac. & Rem. Code Ann. § 10.003. "The traditional due process protections of notice and hearing are also required before a trial court can impose sanctions on a party pursuant to its inherent power to sanction." *Greene*, 174 S.W.3d at 298 (citing *Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 511 (Tex. App.—Corpus Christi 1992, no writ)).

In obtaining the ex parte Temporary Restraining Order, Bellow represented to the trial court that he did not consent to the dental procedure on his son. While C.H. produced evidence at the hearing to show that Bellow had communicated his willingness to consent to the procedure if C.H. agreed to certain conditions, it was not clear from the record whether C.H. had agreed to all of Bellow's proposal. In seeking sanctions against Bellow, C.H. represented to the trial court that the family law court in Hardin County had exclusive continuing jurisdiction over the parties and child. However, during the show cause hearing, C.H. admitted under cross-examination and counsel for C.H. stipulated on the record that only temporary orders had been entered by the family law court in Hardin County and such orders named C.H. and Bellow as joint managing conservators of their son, M.D.B., with

8

independent equal rights.[3] Thus, on the record before the trial court at the show cause hearing, C.H. failed to establish that any other court had continuing exclusive jurisdiction of the parties or subject matter of the petition that Bellow filed.

C.H. argued to the trial court that Bellow had been sanctioned at least three times in the Hardin County divorce action. However, C.H.'s pleading failed to put Bellow on notice that his previous conduct in the pending divorce case in Hardin County would be considered as conduct that justified imposing sanctions on Bellow regarding the restraining order he obtained against the dentist. While C.H.'s motion asked the trial court to assess "any other sanctions allowable by law," the motion failed to give Bellow fair notice of the basis for the sanctions that C.H. sought to enable Bellow to mount an adequate defense. A court is not authorized to grant sanctions under a statute or rule that is not identified in the motion for sanctions. *See Greene*, 174 S.W.3d at 301 (holding trial court erred in imposing sanctions on grounds that were not pleaded). C.H.'s pleading does not refer to Chapter 10, Rule 13 or the court's inherent power to sanction.[4] Further, the trial court did not notify

---

[3] Section 155.001 of the Texas Family Code provides that a court acquires continuing, exclusive jurisdiction over the subject matter and parties in connection with a child only on the rendition of a final order.

[4] We recognize that a court can assess sanctions based on its inherent authority *sua sponte*, without a motion from a party. Nevertheless, the court must provide notice to the party that it intends to rely on its inherent authority to sanction to allow

9

Bellow prior to the hearing that it intended to sanction him *sua sponte* under its inherent power. The motion for sanctions must provide notice of the conduct that the movant seeks to sanction so that the respondent may attempt to prepare a defense. *See id.* at 299–300 (holding that the family court improperly sanctioned appellants for their statements made at the bankruptcy court hearings because appellants had no notice that such conduct was under consideration for sanctions); *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 93 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that a trial court may not award Rule 13 sanctions on a basis not asserted in the motion). Thus, from the record before us, we conclude that Bellow was denied adequate substantive notice of the legal or factual theories that served as the basis of the trial court's order. *See Greene*, 174 S.W.3d at 299–300, n.4 (reversing sanctions order of the trial court because the court relied on grounds not included in the notice and stating that "the court must provide notice to the party that it intends to rely on its inherent authority to sanction to allow the party to prepare a defense").

---

the party to prepare a defense. *See Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 511 (Tex. App.—Corpus Christi 1992, no writ).

## Conclusion

It is undisputed that Bellow received less than twenty four hours' notice of the show cause hearing. At the time of the hearing, the only remaining issue before the trial court was the motion for sanctions, as Bellow nonsuited the remaining issues and causes of action prior to the hearing. Because the Motion for Sanctions failed to provide Bellow adequate notice of his allegedly sanctionable conduct, and because Bellow had no notice that the trial court intended to sanction him based on its inherent authority, we hold that the trial court abused its discretion by imposing sanctions at the show cause hearing that occurred on January 28, 2016. We reverse that part of the Order on Motion to Vacate Ex Parte Temporary Restraining Order, Motion to Dismiss for Lack of Jurisdiction and Motion for Sanctions of February 5, 2016, which imposed sanctions against Bellow, and we remand the case to the trial court for further proceedings as may be required. We affirm the remainder of the trial court's order dismissing the entire cause of action.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

_____
CHARLES KREGER
Justice

Submitted on October 10, 2017
Opinion Delivered December 21, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.

11