# Supreme Court of Texas

══════════

No. 23-0568

══════════

Sadok Ferchichi and Martina Coronado,

*Petitioners,*

v.

Whataburger Restaurants LLC and Crystal Krueger,

*Respondents*

═══════════════════════

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

═══════════════════════

*~ consolidated for oral argument with ~*

══════════

No. 23-0993

══════════

Haven at Thorpe Lane, LLC,

*Petitioner,*

v.

Jerretta Pate and April Burke,

*Respondents*

**Argued December 3, 2024**

JUSTICE LEHRMANN delivered the opinion of the Court.

The Texas Citizens Participation Act (TCPA) provides a mechanism for dismissal of a "legal action" that is based on or in response to a party's exercise of the right of free speech, petition, or association. The principal issue in these consolidated cases is the same: whether a motion to compel discovery and for associated monetary sanctions is a "legal action" subject to a TCPA dismissal motion. Both courts of appeals said yes, at least insofar as the sanctions motion requests monetary relief. The courts of appeals went on to hold that the respective nonmovants failed to establish a prima facie case for the "claims" asserted in their motions for sanctions and thus reversed the trial courts' denials of the TCPA motions to dismiss. We hold that the motions to compel and for sanctions are not "legal actions" under the TCPA, which therefore does not apply. Accordingly, we reverse the courts of appeals' judgments and remand to the trial courts for further proceedings.

## I. Background

The petitions we address today arose in two cases with very different facts. We describe the background of each case in turn.

## A. *Ferchichi v. Whataburger*

Sadok Ferchichi and Martina Coronado (collectively, Ferchichi) were involved in a motor vehicle collision with Crystal Krueger, who was driving a vehicle owned by her employer, Whataburger Restaurants LLC. Ferchichi sued Krueger and Whataburger (collectively, Whataburger) for negligence. After conducting discovery, the parties attended mediation. According to Ferchichi, Whataburger's counsel asked the mediator to convene a joint session to show Ferchichi evidence relevant to the case's value. The evidence, Ferchichi learned, was an investigative surveillance video of the plaintiffs taken while discovery was underway. Ferchichi refused the joint session, and Whataburger declined to show Ferchichi the video.

Later the same day, Ferchichi's counsel emailed Whataburger's counsel asking for the video. Whataburger again refused, so Ferchichi filed a "Motion to Compel Defendants' Discovery Responses and for Sanctions," alleging that Whataburger abused the discovery process by withholding the video until mediation. Ferchichi asked the trial court to compel Whataburger to produce the video and to award monetary sanctions for Ferchichi's "need to bring" the motion.

Whataburger filed a "Motion to Dismiss Plaintiffs' Motion for Monetary Sanctions Pursuant to [the TCPA]" in response.[1] That same day, Whataburger sent Ferchichi a link to download the video, stating it was "[i]n consideration of [Ferchichi's] dropping the hearing" on the

---

[1] Although Ferchichi's motion sought both to compel discovery responses and an award of sanctions, Whataburger's TCPA motion requested dismissal of only the portion of the motion requesting monetary sanctions.

motion to compel and for sanctions. But Ferchichi did not withdraw the motion, and the trial court held a hearing on Whataburger's TCPA motion to dismiss. Whataburger argued that Ferchichi filed the motion for sanctions in response to Whataburger's alleged statements to the mediator, so it was a "direct attack" on Whataburger's right to petition, which is protected under the TCPA.[2] After a hearing, the trial court denied Whataburger's TCPA motion, and Whataburger appealed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (authorizing an interlocutory appeal from an order denying a TCPA motion to dismiss).

The Fourth Court of Appeals reversed and rendered judgment dismissing Ferchichi's motion for sanctions. 698 S.W.3d 297, 304 (Tex. App.—San Antonio 2022). Following the TCPA's framework, the court of appeals held that the motion for sanctions was a "legal action" because it requested monetary relief, *id.* at 301–02, that the "legal action" was filed in response to Whataburger's exercise of the right to petition, *id.* at 302, and that Ferchichi failed to establish a prima facie case for one of the "elements" of the sanctions request given the absence of evidence regarding the amount of attorney's fees incurred in bringing the motion, *id.* at 303–04. The court of appeals further remanded the case to the trial court to award Whataburger its costs and attorney's fees and to consider an award of sanctions against Ferchichi. *Id.* at 304 (citing TEX.

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4) (defining "exercise of the right to petition" to include "a communication in or pertaining to a judicial proceeding"); *id.* § 27.003(a) ("If a legal action is based on or is in response to a party's exercise of the . . . right to petition . . . that party may file a motion to dismiss the legal action.").

CIV. PRAC. & REM. CODE § 27.009(a)).[3]  Ferchichi petitioned this Court for review.

## B. *Haven v. Pate*

Haven at Thorpe Lane is a student-housing apartment complex in San Marcos.  Construction on the complex was scheduled to be completed—and the apartments ready for move-in—before the start of the 2019 fall semester.  But when that semester commenced, the complex was still under construction, and many college students who had signed leases with Haven had no alternative housing plans.  Many of those students sued Haven's owner[4] and others for fraud and deceptive trade practices, alleging that Haven knew the building would not be ready when promised, falsely assured students that it would be (and actively misled them about the actual state of construction) in order to induce them to sign leases, refused to let students out of their leases, and issued "Move-in Guarantees" that Haven had no intention of honoring.[5]

During discovery, Haven concluded that the plaintiffs had failed to adequately respond to requests for certain documents and communications and had spoliated evidence of their communications

---

[3] *Id.* § 27.009(a) (providing that a court that orders dismissal of a legal action under the TCPA "shall" award costs and reasonable attorney's fees to the moving party and "may" award sanctions against the party bringing the legal action).

[4] The named defendant is Haven at Thorpe Lane, LLC.

[5] Thirty-five plaintiffs initiated the suit.  By the tenth amended petition, the operative pleading when Haven filed the pertinent motion to compel, the number of plaintiffs had increased to forty-four.

with others about Haven and the dispute. Consequently, Haven served subpoenas duces tecum on third parties Jerretta Pate and April Burke, the mothers of two of the plaintiffs. After learning the complex would not open by the start of the 2019 school year, the Mothers had voiced complaints on social media and to local news about Haven's delays. Eventually, the Mothers created a private Facebook group called "Haven at Thorpe Lane is a Joke!!!", and other families who had signed leases with Haven joined. There, group members communicated with one another and discussed their personal experiences and frustrations with the situation.

The subpoenas ordered the Mothers to appear for oral depositions and to produce documents and communications related to the lawsuit. Haven sought the Mothers' communications with local news, local government, and the plaintiffs, as well as documents and communications discussing, mentioning, or related to the Facebook group. Counsel for the plaintiffs accepted service of the subpoenas on the Mothers' behalf. The Mothers did not seek to quash the subpoenas. They produced some documents and communications but withheld other responsive documents "pursuant to claim of privilege."[6]

Believing the Mothers had not fully complied with the subpoenas, Haven filed a motion to compel production of documents in the Mothers'

---

[6] The Mothers' privilege log identified the privilege insulating the withheld documents from production as "[a]ssociational; privacy."

possession.[7]  In its motion, Haven alleged that the Mothers were "key sources of information" that Haven had been unable to obtain from the plaintiffs because of their alleged spoliation and other failures to comply with their discovery obligations.  Haven requested the trial court overrule the Mothers' "improper privilege assertions"; compel "full production of unredacted, responsive materials"; and compel the Mothers to "provide the bases for redactions in their previously produced materials."  In addition to those requests, Haven asked the trial court to award it "reasonable attorneys' fees, costs, and expenses incurred in obtaining the foregoing relief, in an amount to be determined by the [c]ourt based upon supplemental information to be provided by [Haven]."

The Mothers filed a TCPA motion to dismiss Haven's motion to compel.[8]  The Mothers asserted that Haven's purpose in filing the motion was to "harass and punish" them for their speech because Haven's "true grievance" with the Mothers stemmed from their communications about Haven online and to local news media.  The trial court denied the Mothers' TCPA motion.

A divided Third Court of Appeals reversed, holding that the trial court should have granted the Mothers' motion.  681 S.W.3d 476 (Tex. App.—Austin 2023).  The court concluded that because Haven sought

---

[7] The same day, Haven filed a separate motion to compel and for sanctions relating to the plaintiffs' alleged spoliation of evidence.  That motion is not before us, and we express no opinion on it.

[8] The Mothers did not move to dismiss or otherwise challenge the subpoena duces tecum.

7

monetary sanctions against the Mothers—whom the court of appeals considered new parties to the underlying suit—the motion was a filing that added a claim for relief and was thus a "legal action" under the TCPA. *Id.* at 484–86 (citing TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A)). The court then held that Haven's motion was related to and arose from the Mothers' TCPA-protected communications and that Haven failed to establish a prima facie case for the elements of its motion to compel because it presented no evidence that it served the Mothers with valid subpoenas or that the Mothers failed to comply with their terms. *Id.* at 488–89. The court of appeals thus remanded the case to the trial court with instructions to dismiss Haven's motion to compel, award the Mothers their costs and attorney's fees, and determine whether sanctions were warranted under the TCPA. *Id.* at 490 (citing TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1), (2)).

One justice dissented, opining that Haven's motion to compel did not meet the TCPA's definition of a "legal action." *Id.* (Baker, J., dissenting). The dissenting justice reasoned that because a party is not entitled to a discovery-related sanctions award as a matter of law, "discovery sanctions against a non-party cannot reasonably be construed as a 'claim.'" *Id.* But even if the motion could be considered a legal action, the dissenting justice concluded it could not be dismissed under the TCPA because it was "in response to" the Mothers' alleged violation of discovery rules, not their pre-suit communications. *Id.* Haven petitioned this Court for review.

\* \* \* \*

8

We granted Haven's petition in Case No. 23-0993 as well as Ferchichi's petition in Case No. 23-0568. Because the principal issue in each cause—whether a motion to compel and for sanctions is a "legal action" under the TCPA—is identical, we consolidated the causes for oral argument.

## II. Discussion

### A. The TCPA's Framework

The TCPA has a dual purpose: "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government" and to "protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. Thus, "[t]he TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021). The TCPA's mechanism to achieve this balance is a "special motion to dismiss, subject to expedited review." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). A party may file a motion to dismiss a "legal action" that "is based on or is in response to" a TCPA-protected right or that "arises from" certain protected communications or conduct. TEX. CIV. PRAC. & REM. CODE § 27.003(a).

Courts conduct a multi-step analysis in determining whether to grant or deny a TCPA motion to dismiss. First, the movant must establish that the TCPA applies by demonstrating that a "legal action" is "based on or is in response to" the movant's exercise of a

9

TCPA-protected right.[9]  *Id.* § 27.005(b).  The nonmovant is then given the chance to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question."  *Id.* § 27.005(c).  If the nonmovant meets that burden, the motion must be denied unless the movant "establishes an affirmative defense or other grounds" that would entitle the movant to judgment as a matter of law.  *Id.* § 27.005(d).

When a trial court grants a TCPA motion to dismiss, the court "shall award" the movant its court costs and reasonable attorney's fees "incurred in defending against the legal action" and "may award" the movant "sanctions against the party who brought the legal action."  *Id.* § 27.009(a).  But if the court determines the motion "is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party."  *Id.* § 27.009(b).  A trial court's order denying a TCPA motion to dismiss is subject to expedited interlocutory appellate review.  *Id.* §§ 27.008(b), 51.014(a)(12).

## B. The Scope of "Legal Action"

The principal legal issues before us involve the first step in the statutory framework: determining whether the TCPA even applies.  The initial question at this step is whether Ferchichi's and Haven's motions to compel and for sanctions are "legal actions" as defined by the TCPA.  If so, the parties also dispute whether those motions are based on or in response to the exercise of a TCPA-protected right.  The courts of

---

[9] This includes the "exercise of the right of free speech," "exercise of the . . . right to petition," and "exercise of the . . . right of association," all of which are statutorily defined terms. TEX. CIV. PRAC. & REM. CODE § 27.003(a); *id.* § 27.001(2)–(4).

appeals answered both these questions in the affirmative. We disagree with the courts' answer to the first question and need not reach the second.

The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). In 2019, the Legislature amended the definition to exclude from the term, among other things, "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684 (codified at TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A)).

The courts of appeals that have considered the issue since the 2019 amendment are divided on whether a motion for sanctions is a "legal action."[10] The Ninth Court of Appeals, for example, concluded that a motion for sanctions pursuant to Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code is not a legal action because imposition of those sanctions is within the court's discretion rather than a party's right. *Thuesen v. Scott*, 667 S.W.3d 467,

---

[10] Courts of appeals were divided on this issue before the 2019 amendment as well. *See, e.g.*, *Misko v. Johns*, 575 S.W.3d 872, 877 (Tex. App.—Dallas 2019, pet. denied) (holding that a motion for sanctions "based on conduct within litigation that is ancillary to the substantive claims in the case" does not fall within the definition of "legal action"); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226 (Tex. App.—Austin 2018, no pet.) (holding that a filing that requests sanctions, costs, and attorney's fees is a "legal action" because it seeks relief from the "alleged sanctionable conduct").

11

474–75 (Tex. App.—Beaumont 2023, no pet.); *see also Kinetic Content, LLC v. Dang*, 695 S.W.3d 769, 776 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) ("[B]ecause a motion for sanctions does not assert an existing right and is not a right to receive payment or an equitable remedy, it 'does not amend or add a claim.'" (citations omitted)). Other courts of appeals, including the two whose decisions we review here, have concluded that because a motion for sanctions is a request for monetary relief, it is a legal action. 698 S.W.3d at 302; 681 S.W.3d at 485–86; *see also KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 656 (Tex. App.—San Antonio 2021, no pet.).

We review questions of statutory interpretation de novo. *Youngkin*, 546 S.W.3d at 680. "In construing a statute, our objective is to determine and give effect to the Legislature's intent." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We construe words in a statute according to their "plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) (citations omitted). But we construe those individual words and provisions in the context of the statute as a whole, not in isolation. *Youngkin*, 546 S.W.3d at 680–81.

The enumerated filings the TCPA deems a "legal action" are a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim." *See* Tex. Civ. Prac. & Rem. Code § 27.001(6). The definition then includes a catch-all: "any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* We have noted that this definition is "undeniably broad." *State ex rel. Best v. Harper*,

562 S.W.3d 1, 8 (Tex. 2018) (internal quotation marks omitted). But broad is not limitless, and the doctrine of *ejusdem generis* provides a rule of construction that guides us in discerning those limits.

The *ejusdem generis* doctrine explains that when "more specific items, [a] and [b], are followed by a catchall 'other,' [c], . . . the latter must be limited to things like the former." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015). Applying the doctrine to the definition of "legal action," the catch-all phrase—"any other judicial pleading or filing that requests legal, declaratory, or equitable relief"— should be limited to filings that are "like" a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim.

The filings in this list contain important similarities. A lawsuit is "a judicial proceeding in which parties assert claims for relief." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014). In Texas courts, a petition is the instrument filed to commence a civil suit, *see, e.g.*, TEX. R. CIV. P. 22, while a complaint is the instrument filed to commence a lawsuit in federal court, *see, e.g.*, FED. R. CIV. P. 3. A counterclaim is a "claim for relief asserted against an opposing party after an original claim has been made," *Counterclaim*, BLACK'S LAW DICTIONARY (12th ed. 2024), and a cross-claim is "asserted between codefendants or coplaintiffs in a case and . . . relates to the subject of the original claim or counterclaim," *Cross-claim*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see* TEX. R. CIV. P. 97. Finally, we have explained that a "cause of action" is the "fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *Montelongo*, 622 S.W.3d at 300 (citations omitted); *see also id.* at

301 ("[O]nce pleaded, a cause of action consists not merely of the alleged facts, but also the elements those facts must establish to entitle the claimant to relief.").

The enumerated filings thus include the overarching lawsuit and the pleadings encompassing the substantive claims for relief that are the basis of the suit. *See Pleading*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses."); *see also* TEX. R. CIV. P. 47 (stating the required contents of an "original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim"). The 2019 amendment, which expressly excepts from "legal action" "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief," confirms that the focus is on the addition or amendment of a "claim" for relief. And while "claim" can be as expansively defined as a "demand for money, property, or a legal remedy to which one asserts a right," it also "esp[ecially]" references "the *part of a complaint* [or, in state court, a petition] in a civil action specifying what relief the plaintiff asks for." *Claim*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphasis added).

The enumerated filings in the definition, buttressed by the exception, are connected by their function of commencing (or materially amending) a proceeding on a substantive legal claim—e.g., negligence, fraud, or deceptive trade practices—against another party. *See Best*, 562 S.W.3d at 5, 9 (holding that a petition filed pursuant to Local Government Code Section 87.013, which "authorizes any Texas resident

14

who has lived in a county for at least six months to file a petition to remove certain county officers from office," is a legal action under the TCPA); *Montelongo*, 622 S.W.3d at 293 (holding that "to the extent an amended or supplemental pleading either (1) adds a new party or parties, (2) alleges new essential facts to support previously asserted claims, or (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted, the new pleading asserts a new legal action"). Typically, such claims are asserted in a formal pleading, though the catch-all provision "safeguard[s] against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms." *Misko v. Johns*, 575 S.W.3d 872, 876 (Tex. App.—Dallas 2019, pet. denied) (citation omitted). The described connection between these filings, considered in light of the *ejusdem generis* doctrine, provides an important, and textually mandated, limiting principle for the catch-all provision.

Filings that are not listed but are "like" the enumerated ones and thus fall within the TCPA's definition of "legal action" easily come to mind. For example, a defendant may file "a pleading to bring a third party into the lawsuit in an effort to pass on or share any liability." *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014) (citing TEX. R. CIV. P. 38). Such third-party claims are expressly governed by Rule 47's pleading requirements and share the essential characteristic of the listed filings described above. As another example, a third party with a justiciable interest in a pending suit may intervene as a matter of right.

*In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008); TEX. R. CIV. P. 60. At the intervention stage, an intervenor is generally "classified" as a plaintiff if it files an affirmative claim for relief and is not defending a claim. *Ford Motor Co.*, 442 S.W.3d at 275. Thus, where a plea in intervention asserts an affirmative claim, it resembles a plaintiff's original petition and would qualify as a legal action under the TCPA.

The motions to compel and for sanctions at issue here, by contrast, are not remotely "like" a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim." Rather, they are "based on conduct ancillary to the substantive claims in the case" and cannot stand on their own. *See Misko*, 575 S.W.3d at 874. The courts of appeals made no effort to address the required connection, instead construing the catch-all provision in isolation and effectively holding that any filing that requests relief from the court is covered by that provision. *See* 698 S.W.3d at 302; 681 S.W.3d at 482–83.

Whataburger contends that the request for *monetary* relief—here, in the form of attorney's fees—is what rendered Ferchichi's motion a "filing that requests legal, declaratory, or equitable relief." We disagree. In *Best*, the State argued that a removal petition pursuant to the Local Government Code is not a "legal action" under the TCPA because "it seeks 'constitutional' or 'political' relief in the form of an order removing an elected official from office rather than 'legal or equitable relief' such as damages, an injunction, or declaratory relief." 562 S.W.3d at 9. We rejected that argument, explaining that the remedy the State sought was "only available because Texas law . . . provides it"; that is, the petition sought "legal relief in the form of a statutory remedy." *Id.*

16

Similarly here, the relief sought in the motions to compel and for sanctions—both the production of documents *and* monetary sanctions—is only available to the extent Texas law allows it. *See* TEX. R. CIV. P. 215 (governing sanctions for discovery abuse). As such, there is no reason to treat a motion to compel that does not seek monetary relief any differently from one that does, at least for purposes of determining whether it constitutes a legal action under the TCPA.

The court of appeals in *Haven* further concluded that Haven's motion for sanctions constitutes a "claim" for relief because "the common meaning of 'claim,' as a noun, is a demand for or an assertion of a supposed right to something believed to be due." 681 S.W.3d at 484; *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 300 (Tex. 2013) ("A motion for sanctions is a claim for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of sanctions."). The court's choice of the broadest possible meaning of "claim"—to include any ancillary request for relief made within an underlying suit—again construes the word in isolation and ignores the surrounding statutory context.[11]

---

[11] After holding that the motion to compel "constituted" a claim for relief under the TCPA, 681 S.W.3d at 484, the *Haven* court of appeals separately analyzed whether the motion "added" a claim and concluded that it did, *id.* at 484–86 (holding that the motion sought relief from "new parties"—the Mothers—based on new factual allegations and legal theories—the Mothers' failure to comply with the subpoenas in violation of the discovery rules); TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A) (the term "legal action" does not include a "motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief"). We need not address this portion of the court of appeals' analysis because we disagree with the court that the motion to compel qualified as a "claim for relief" in the first instance under the TCPA.

17

That context includes not only the statutory list of specific filings that qualify as a legal action, but other TCPA provisions supporting a narrower interpretation of "claim for relief."  For example, the filing of a TCPA motion to dismiss suspends all discovery until the court rules on the motion, except that the court may, on a showing of good cause, "allow specified and limited discovery relevant to the motion."  TEX. CIV. PRAC. & REM. CODE §§ 27.003(c), .006(b).  Further, as happened here, a party may file an interlocutory appeal of an order denying a TCPA motion, *id.* §§ 27.008(a), 51.014(a)(12), and such an appeal stays all proceedings in the trial court pending its resolution, *id.* § 51.014(b).  Those provisions serve the TCPA's dual purpose of "encourag[ing] and safeguard[ing] the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government" while simultaneously protecting a person's right "to file meritorious lawsuits for demonstrable injury."  *Id.* § 27.002.  But the provisions make no sense in the context of resolving the kinds of motions at issue here, where applying the TCPA would serve only to drag out the litigation for reasons unrelated to the merits of the underlying claims.  Including a motion to compel and for sanctions in the definition of "legal action" does not effectuate the TCPA's express purpose—it subverts that purpose. *See id.* § 27.011(b) (instructing courts to construe the TCPA "liberally to effectuate its purpose and intent fully").

Importantly, our holding that the TCPA does not apply to motions to compel and for sanctions does not deprive parties subjected to such motions of the ability to otherwise effectively and efficiently combat them.  Rather than move to dismiss under the TCPA, the opposing party

18

may simply file a response in opposition to the motion, which can be set for a hearing and presented to the trial court for a ruling. If the motion lacks merit, the trial court can and should deny it.[12] If the opposing party takes the position that the motion rises to the level of frivolous, it may seek sanctions on that basis. *See id.* §§ 10.001–.004; TEX. R. CIV. P. 13. In the meantime, litigation on the underlying claims that are the basis of the lawsuit may proceed rather than being interrupted by an interlocutory appeal regarding an ancillary dispute.[13]

In sum, we hold that a motion to compel and for sanctions does not present a substantive underlying claim for relief and therefore is not a "legal action" subject to dismissal under the TCPA. Because we hold that the motions at issue are not legal actions, we need not address whether they were "based on or . . . in response to" Whataburger's and the Mothers' exercise of a TCPA-protected right.

---

[12] This is consistent with typical nomenclature. Motions are often "dismissed" for reasons unrelated to the merits, such as mootness, but "denial" is the usual remedy for a meritless motion, while "dismissal" is a common remedy for a meritless underlying cause of action. *See* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."). That said, we certainly are not holding that a procedural motion can never be a legal action; indeed, the TCPA's language confirms that it can *if* it "amend[s] or add[s] a claim for legal, equitable, or declaratory relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A).

[13] Of course, we express no opinion on how the motions to compel and for sanctions filed by Ferchichi and Haven should be resolved on remand; we hold only that dismissal under the TCPA is improper.

19

### III. Conclusion

The TCPA does not apply to Ferchichi's and Haven's motions to compel and for sanctions, and the trial courts therefore correctly denied Whataburger's and the Mothers' TCPA motions to dismiss. Accordingly, we reverse the courts of appeals' judgments and remand both cases to the respective trial courts for further proceedings.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 9, 2025

20